TRULINCS 20446009 - FLEMING, RHONDA ANN - Unit: TAL-A-S

----------------------------------------------------------------------------------------------

FROM: 20446009
TO:
SUBJECT: COMPLAINT FOR DAMAGES--part one
DATE: 11/22/2020 08:42:04 AM

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

RHONDA FLEMING,
ALL SIMILARLY SITUATED INMATES,
  Plaintiffs,

v.               No. __4:20 cv 545 WS-mJF__

                    JURY DEMAND

UNITED STATES OF AMERICA,
DIRECTOR OF BOP,
WARDEN STRONG,
BOP EMPLOYEE-PINORVIRIGO,
OFFICER SAILER,
UNKNOWN OFFICER-C-UNIT,
LT. WHITE,
IN THEIR OFFICIAL AND INDIVIDUAL CAPACITY.

## AMENDED COMPLAINT FOR DAMAGES

The Plaintiffs, Rhonda Fleming, and all similarly situated inmates file this Amended Complaint for Damages against the above named Defendants, requesting class action certification, on claims of negligence, negligence per se, violations of the 8th and 14th Amendments of the United States Constitution, intentional infliction of emotion distress pursuant to 28 USC Section 1346--Federal Tort Claim Act ("FTCA"), 42 USC Section 4042(a)(2) and (3), BOP Program Statement 3713.29, Declaratory Judgment Act, 28 USC Section 2241 and any other applicable federal, state, and constitutional laws.

## I. INTRODUCTION

This Complaint arises out the the Defendants failure to protect the Plaintiff and other federal inmates at FCI-Tallahassee, in Florida, by adequately managing the COVID-19 virus. The Plaintiff raises claims on the overcrowding of the prison due to the use of top bunk beds, refusal of the Defendants to repair roof that is leaking everywhere, even in light fixtures, that was damaged during Hurricane Michael, refusal to remove mold spores which are causing the Plaintiff and numerous inmates to suffer with allergies and other respiratory illnesses, and the failure of the Defendants to enforce "controlled movements," which if they had, would have prevented the assault of the Plaintiff, who is a middle-aged woman, from being brutally assaulted by a younger inmate that was a known drug user and dealer in the prison system.

The Plaintiff is filing this Complaint, during a pandemic, to save her life and the lives of other inmates and Bureau of Prisons ("BOP") employees. The administrators of the prison system have failed to protect the lives of inmates and correctional officers from the COVID-19 virus.

## II. PARTIES

1. Plaintiff Rhonda Fleming is a female federal inmate housed at FCI-Tallahassee. Other similarly situated inmates are those that are denied adequate room for social distancing, are housed in a unit where the roof is leaking, and there are mold spores making them ill.

2. Defendant United States of America, their agency, and employees are responsible for the abuse suffered by the Plaintiff, as stated below. The Defendant United States of America is a sovereign country subject to liability and monetary damages for the wrongful conduct of their employees and agency pursuant to the FTCA. All Defendants will be served process pursuant to Federal Rules of Civil Procedure 4(i)(1) to, until the U.S. Attorney's Office provides the Plaintiff with the legal addresses of BOP employees being sued in their individual capacity:

Mr. William Barr

TRULINCS 20446009 - FLEMING, RHONDA ANN - Unit: TAL-A-S

--------------------------------------------------------------------------------

Attorney General of the United States
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530

United States Attorney's Office
Attn: AUSA Lennard B. Register
21 East Garden Street, Suite 400
Pensacola, Florida 32582

3. Defendant Director of the BOP, sued in his official capacity, is responsible for the failure to implement policies and enforce the directives made by the Attorney General regarding the CARES Act and transfer of inmates to home confinement to allow for social distancing.

4. Defendant Warden Strong, sued in her official and individual capacity, is responsible for refusing to reduce the inmate population to stop the spread of the virus, for failure to repair a roof that is dangerous to inmates, for failure to hire contractors to remove mold spores in several units at FCI-Tallahassee, and for failure to provide adequate medical care to the Plaintiff after being notified of the denial of care.

5. Defendant BOP Employee Pinorvirigo, sued in her individual capacity for her failure to comply with BOP Post Orders to lock and secure all doors after a controlled movement is closed and to keep her radio with her at all times. These failures caused the Plaintiff to be assaulted by an inmate, in October 2019.

6. Defendant Correctional Officer Sailor, sued in his individual capacity as the compound officer on October 29, 2019, failed to comply with BOP Post Orders to lock and secure all gates leading to the recreation yard and the Education Building, after he closed the controlled movement. These failures caused the Plaintiff to be assaulted by an inmate.

7. Defendant Unknown BOP Officer, who was assigned to C-Unit on October 29, 2019, failed to comply with BOP Post Orders to lock and secure all prison unit doors, to prevent inmates from leaving the unit after the controlled movement is closed.

8. Defendant Lt. White is the Assistant Administrator of Health Services, sued in his official and individual capacity for repeatedly denying medical care to the Plaintiff.

III. JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this action pursuant to 28 USC Section 1346, the FTCA, as it involves liability of the United States of America, reserved for federal courts.

10. This Court has personal jurisdiction over the Defendants pursuant to the FTCA, Section 4042, Section 2241 and the U.S. Constitution.

11. Venue is proper because the policies and acts of the Defendants, which violated the Plaintiffs rights, occurred in this district. This is a matter of national significance and a decision on the reduction of inmate populations in BOP institutions may change the agency's policies nationwide.

12. The Court has jurisdiction over all claims because the Plaintiff has fully exhausted all administrative remedies, to include grievances and filing her tort claims.

IV. FACTS OF THE CASE

13. The Defendants, Warden Strong and the BOP Director have failed to reduce the inmate population at FCI-Tallahassee after the Attorney General issued a directive instructing the wardens to transfer inmates to home confinement. Instead, Defendant Warden Strong allowed inmates to remain in overcrowded units until hundreds of inmates and staff contracted the virus. The Plaintiff continues to request transfer to home confinement and/or compassionate release. She qualifies for both forms of relief, but the Warden has not taken any action to release the Plaintiff or a substantial number of inmates. The denial of transfers or releases has caused over 140 deaths of inmates, along with thousands of inmates contracting the virus, and suffering with "long-haulers" ailments associated with the virus. The Defendants continued to allow inmates with the virus to be brought from all over the country, to FCI-Tallahassee, which caused inmates to contract the virus. The BOP was given a warning in December 2018, when the Plaintiff filed a grievance about being housed in a bunk within 5 inches from another inmate. This inmate

TRULINCS 20446009 - FLEMING, RHONDA ANN - Unit: TAL-A-S

----------------------------------------------------------------------------------------------

became ill with the flu, the Plaintiff contracted it, and 40% of the rest of the unit. The Plaintiff filed a grievance and spoke to the former unit manager, Mr. Bryant. However, nothing was done to prevent this dangerous overcrowding. And even after experts have warned the BOP Director of the likely deaths of inmates from the virus, the prison population at FCI-Tallahassee has not been reduced. Plaintiff Fleming is suffering with anemia, thalassemia, Vitamins B-12, D, and iron deficiencies which have caused her to lose her hair, muscle cramping, dizziness, vision problems (tracers), depression, and fatigue. The Plaintiff's toenails are dark brown and falling off due to severe Malabsorption Syndrome. The Plaintiff is one of hundreds of medically vulnerable inmates of which are denied adequate medical treatment and transfer to home confinement. The Defendants are denying the Plaintiff and other inmates at FCI-Tallahassee, the same treatment as inmates at FCI-Danbury, that once they were found to be medically vulnerable, not serving a sentence for violence or a sex offense, and had a PATTERN score that was not high risk, have been transferred to home confinement, pursuant to a settlement agreement, in Martinez-Brooks v. Easter (D. Conn. 2020).

14. Defendant Warden Strong has been notified about the roofs in A, C, and D-units that are leaking due to damage from aging and Hurricane Michael in 2018. Due to the leaking, specifically in A and D-units, there is excess mold on the ceiling and walls. The Plaintiff is being deprived of sleep because of the leaking roof and mold spores. She coughs most of the night because of the 24 hour a day exposure to the mold. The prison is on a lockdown, which has inflamed the Plaintiffs lungs. The coughing has lead to severe headaches, stomach pains and back pains. Grievances were filed about the roof and the response was that it would not be repaired until late 2021, due to a lack of funding. However, funds for the roof was sent in 2018 or 2019, but the funds were misappropriated. The Plaintiff moves the Court to refer this matter for a criminal investigation, in light of the fact that inmates have been left in physical and emotional danger of the roofs caving in or electrocution, due to misappropriation of the money for the repairs. The sneezing and coughing by at least 40% of the inmates, increases the chances of contracting the virus, and likely more severe symptoms.

15. On October 29, 2020, after 7:10pm, Defendants Pinorvirgio, Sailer, and Unknown Officer failed to comply with BOP Post Orders requiring them to lock and secure all doors and gates after the controlled movement is closed. Because all three Defendants failed to comply with post orders, Inmate Maria Cruz was able to get out of her assigned unit, get through a gate leading to the Education building, and upon entering the building, assault the Plaintiff. Under Florida's "Stand Your Ground" law, the Plaintiff was forced to stand her ground and defend herself. While the BOP will prosecute inmates for violating state law's while in federal prison, in this instance, they failed to acknowledge the Plaintiff's right to defend herself from being more seriously injured than she was, after their employees failure to comply with post orders that are routine, allowed Cruz to attack the Plaintiff.

V. CAUSES OF ACTION--NEGLIGENCE, NEGLIGENCE PER SE, INTENTIONAL EMOTIONAL DISTRESS, CONSTITUTIONAL VIOLATIONS AND STATUTORY VIOLATIONS

16. Defendants Director of the BOP and Warden Strong breached their duty of care by negligently or negligence per se failing to transfer or release a substantial number of inmates. They also failed to stop transferring inmates from all over the country and continue to allow inmates with the virus to be housed at FCI-Tallahassee. The Defendants fail to provide training and sufficient personal protective equipment, such as face shields, hair coverings and dressing gowns, because the virus can be carried and spread on hair and clothing. The prison population prior to the lockdown in April was over 800 inmates and it is 836 inmates as of the filing of this Complaint.

17. Defendants Director of the BOP and Warden Strong are guilty of intentional infliction of emotional distress. Media coverage of the pandemic has been non-stop since March 2020. All experts have stated that ONLY social distancing can stop the spread of the virus, yet the Defendants refused to allow space for the Plaintiff and other inmates to have the opportunity to practice social distancing. This lead to numerous fights in the units because inmates were locked in with each other 24 hours a day. There was increased use of illegal drugs, of which the Plaintiff does not know how K-2, cigarettes, and Saboxen entered a prison that was on lockdown with no visiting. When other inmates reported this problem, Warden Strong's response was to take the television, email access, video visits and telephones, so that the Plaintiff and other inmates not involved in drug abuse was denied access to communicating with their families. The message was loud and clear: If inmates report illegal drug use, they will be denied access to communicate with their families. Defendant Warden Strong is responsible for inmates being hit with locks and other weapons because of her reaction to inmate pleas for help. Most inmates did not want to inhale K-2! The Plaintiff and inmates were already sick from the mold, some recovering from the virus, and other illnesses.

TRULINCS 20446009 - FLEMING, RHONDA ANN - Unit: TAL-A-S

--------------------------------------------------------------------------------

FROM: 20446009
TO:
SUBJECT: COMPLAINT FOR DAMAGES-part two
DATE: 11/22/2020 08:59:20 AM

18. The Defendants are violating their own Program Statement 3713.29 which bars discrimination and mandates equal treatment of all similarly situated inmates. Additionally, 28 CFR Section 551.90, Non-Discrimination Against Inmates, is a federal statute that bars discrimination of inmates. After the Martinez-Brooks settlement was made, Defendant USA and the Director were required under law to apply that settlement, wherever it was applicable, to inmates in their custody. Inmates with less serious medical conditions have been transferred, which the Plaintiff and other inmates are denied a liberty interest created by the Defendants--transfer to home confinement or compassionate release. Failure to apply the settlement agreement has caused disparate treatment, in violation of the 14th Amendment. Medically vulnerable inmates like the Plaintiff and other women at FCI-Tallahassee, were due a fair review for transfer, to protect their physical and emotional health.

19. Defendants Warden Strong and Lt. White, in retaliation for the Plaintiff filing grievances and a whistleblower complaint with the Inspector General's Office for the BOP, have refused to provide the Plaintiff with medical care for various medical conditions. These conditions make the Plaintiff more susceptible to contracting the virus and suffering severe symptoms, and possibly death. The Plaintiff has sent numerous electronic email request to Lt. White and Warden Strong. No responses were made, nor was medical treatment given. There is adequate information in Plaintiff Fleming's medical files, specifically, that her toenails were dark brown, and falling off, painful to the touch, for months, which is directly due to an infection in her body caused by depletion of Vitamin B-12 and other vitamins. After the Plaintiff filed her initial complaint, the Defendants did blood work, but have not provided adequate medical care. No one has discussed the results of the blood test, while the Plaintiff remains suffering with electric shocks, stabbing pains in her feet and toes, tracers in her vision, fatique, muscle cramps, and many other ailments.

20. Section 4042 requires that the Defendants protect inmates. The Plaintiff had a right to be safe from assault and if the Defendants had complied with their training and the BOP rules, the Plaintiff would not still be suffering with pain and anxiety from the assault. Because the Plaintiff filed grievances and tort claims, she has been denied medical care for the injuries. The conduct of the Defendants was negligent and/or negligence per se. The Defendants also failed to expunged the incident report from the Plaintiffs records and reinstate her 27 good time days lost, after their investigation showed it was due to a breach of security, by 3 different correctional officers, that Inmate Cruz was able to assault the Plaintiff.

PRAYER FOR RELIEF

The Plaintiff request that the Court grants the following relief:

1. Declaratory relief stating that FCI-Tallahassee is overcrowded and unsafe for inmates;

2. Grant injunctive relief by ordering the Defendants to immediately reduce the prison population by 50%, allowing no top bunks in the prison and remove inmates from A, C, and D units where the roofs are leaking and there are excessive mold spores, and transfer medically vulnerabe inmates to home confinement;

3. Grant appointment of counsel and class certification;

4. Grant expedited trial by jury;

5. Damages for the overcrowding and failure to transfer inmates, in the amount of $25,000,000, attorney fees, and costs;

6. Damages for the assault to the Plaintiff, in the amount of $1,350,000, expunge incident report, reinstate 27 good time days, and remission of the restitution owed by the Plaintiff, in United States v. Fleming, H-07-513, (S.D. Tex. 2007);

7. Damages for the extended exposure to the leaking roofs and mold, in the amount of $350,000 for the Plaintiff, and $25,000,000, for the other Plaintiffs exposed to this unconstitutional condition in Units A and D; and,

8. Any relief the Court deems necessary.

CONCLUSION

The conditions stated in this Complaint remain a threat to the Plaintiffs life and liberty interests. Plaintiff Fleming remains in

4

TRULINCS 20446009 - FLEMING, RHONDA ANN - Unit: TAL-A-S

----------------------------------------------------------------------------------------

imminent danger from retaliation by Defendant Warden Strong, her staff, and the denial of medical treatment for her allergies to the mold, COVID-19, and other injuries due to the assault. Plaintiff is suffering with physical pain and anxiety due to the present conditions.

Respectfully Submitted,

Rhonda Fleming, Plaintiff
November 22, 2020

#20446-009
FCI-Tallahassee
PO Box 5000
Tallahassee, FL 32314

VERIFICATION

Pursuant to 28 USC Section 1746, I, Rhonda Fleming, declare that the above statements are true and correct to the best of my knowledge. I have personal knowledge of all facts stated in this Complaint.

Executed on November 22, 2020.

Rhonda Fleming

CERTIFICATE OF SERVICE

Service is performed in compliance with FRCVP, Rule 4, on November 22, 2020.

Rhonda Fleming

5

Rhonda Fleming 20446-009
FCI-Tallahassee
PO Box 5000
Tallahassee, FL 32314

TALLAHASSEE FL 32

2 DEC 2020 PM 2 L

FOREVER / USA   FOREVER / USA



United States District Court
Office of the Clerk
1 North Palafox Street
Pensacola, FL 32502

RECEIVED DEC 4 2019

Legal Mail

32502-562602

Case 4:20-cv-00545-RH-MJF   Document 3   Filed 12/04/20   Page 6 of 6