# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA

## *Third Amended*
## CIVIL RIGHTS COMPLAINT FORM FOR
## PRO SE, PRISONER LITIGANTS IN ACTIONS UNDER
## 28 U.S.C. § 1331 or § 1346 or 42 U.S.C. § 1983

Rhonda Fleming,

Inmate ID Number: 20446-009

v.                                          Case No. **4:20-cv-545-WS/MJF**

United States of America
Warden Erica Strong
Unknown Roof Contractors

**Jury Trial Requested?**
☒ **YES** ☐ **NO**

*(Write the full name of each
Defendant who is being sued. If the
names of all the Defendants cannot
fit in the space above, please write
"see attached" in the space and
attach an additional page with the
full list of names. Do not include
addresses here.)* in their official + individual
capacities

FILED USDC FLND TL
JUN 28 '21 PM 1:44

## I. PARTIES TO THIS COMPLAINT

A. Plaintiff

Plaintiff's Name: _Rhonda Fleming_ ID Number: _20446-009_

List all other names by which you have been known: _None_

Current Institution: _FCI-Tallahassee_

Address: _PO Box 5000_

_Tallahassee, FL 32301_

B. Defendant(s)

State the name of the Defendant, whether an individual, government agency, organization, or corporation. For individual Defendants, identify the person's official position or job title, and mailing address. Indicate the capacity in which the Defendant is being sued. Do this for *every* Defendant:

1. Defendant's Name: _United States of America_

Official Position: _Sovereign Country_

Employed at: _N/A_

Mailing Address: _____

✗ Sued in Individual Capacity     ✗ Sued in Official Capacity

2. Defendant's Name: Warden Erica Strong

Official Position: Warden at FCI-Tal

Employed at: "Same"

Mailing Address: 501 Capital Circle

Tallahassee, FL 32301

☒ Sued in Individual Capacity          ☒ Sued in Official Capacity

3. Defendant's Name: Unknown Roof Contractor

Official Position: Contractor for USA

Employed at: unknown

Mailing Address: unknown

☒ Sued in Individual Capacity          ☐ Sued in Official Capacity

*(Provide this information for all additional Defendants in this case by attaching additional pages, as needed.)*

## II. BASIS FOR JURISDICTION

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution" and federal law. Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), you may sue federal officials for the violation of certain Constitutional rights.

Are you bringing suit against (*check all that apply*):

☒ Federal Officials (*Bivens case*)    ☐ State/Local Officials (*§ 1983 case*)

## III. PRISONER STATUS

Indicate whether you are a prisoner, detainee, or in another confined status:

☐ Pretrial Detainee            ☐ Civilly Committed Detainee

☐ Convicted State Prisoner     ☒ Convicted Federal Prisoner

☐ Immigration Detainee         ☐ Other *(explain below)*:

_____

_____

## IV. STATEMENT OF FACTS

Provide a short and plain statement of the *facts* which show why you are entitled to relief. Describe how *each* Defendant was involved and what each person did, or did not do, in support of your claim. Identify when and where the events took place, and state how each Defendant caused you harm or violated federal law. Write each statement in short numbered paragraphs, limited as far as practicable to a single event or incident. ***Do not make legal argument, quote cases, cite to statutes, or reference a memorandum.*** You may make copies of the following page if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages

should be attached. *Facts not related to this same incident or issue must be addressed in a separate civil rights complaint.*

_See next pages_

IV.   STATEMENT OF FACTS

A.   MOLD CLAIM

1.   The Plaintiff was assigned to Housing Unit, A-South, in January 2019, and remains in this unit, which is an open dorm.

2.   The roof in this housing unit has been leaking for over 2 years.  The ceiling, walls, and windowsills are covered with toxic mold and other toxins.

3.   The Plaintiff filed tort claims, exhausted the administrative remedy process, and contacted the Environmental Protection Agency about the toxic mold.  The Plaintiff discussed the mold problem with Defendant Strong when she inspected the housing unit, with Health Services Staff, and the Facilities Supervisor, for years.  The mold was never removed.

4.   The Facilities Supervisor, Mr. Cox, told the Plaintiff that contractors had repaired the roof.  He did not tell her who the contractors were or when the repairs were completed. However, at the present, the roof continues to leak.

5.   The plaintiff has suffered daily headaches, nausea, runny nose, upset stomach, muscle pain, join pain, irritated eyes, memory loss, excess sudden weight gain, persistent coughing, and hair loss.


B.   COVID-19 AND OVERCROWDING CLAIM

6.   The Plaintiff arrived at FCI-Tallahassee, in October 2018, and was assigned to Housing Unit, B-North.

7.   In B-North, 4 inmates are assigned to a cubicle, in an open dorm.  Inmates assigned to the top bunk, sleep within 2 to 3 inches from the next inmate in a top bunk.  There is no barrier separating inmates on top bunks.

8.   Within 1 to 2 days of being assigned to this top bunk, the Plaintiff became ill with flu like symptoms.  The inmate that was on the top bunk next to the  Plaintiff was already sick and had been denied medical care.  She was told to take medication on the commissary, although she was very ill, and should have been quarantined because it was flu season.

9.   The Plaintiff filed grievances on the matter.

10.   The Plaintiff was called in to speak to the Unit Manager, Mr. Bryant.  The Plaintiff told Mr. Bryant that the illness was caused by sleeping with an inmate and that it was very uncomfortable, bordering on a PREA violation, because inmates were essentially sleeping in the same bed with another inmate.

Mr. Bryant, in a nice way, stated, "I was in the Navy and we slept a lot tighter." The Plaintiff responded, "Sir, this is not the Navy and I did not sign up for this prison. It is improper to have inmates sleeping this close to each other... in fact, I would say it is immoral. About 20% of the inmates in here are gay and I think this is a PREA violation to force inmates to be this close. It is also dangerous for spreading infectious diseases." Mr. Bryant asked what did the Plaintiff want him to do. The Plaintiff stated that the top bunks need to be taken down. Mr. Bryant laughed and stated he was retiring. The top bunks with inmates sleeping right next to each other, even during a pandemic, remained this way. 80% of the prison contracted the virus.

11. When the pandemic started, because inmates were in over-crowded dorms, and denied the ability to socially distance, the Plaintiff contracted the COVID-19 virus from inmate Heather Yarber, an inmate assigned to her cubicle.

12. Yarber, the Plaintiff, and other inmates in prison were denied medical care in February and March 2020. The Plaintiff was left to suffer without any care for over 2 weeks. The Plaintiff had a severe headache, body chills, nasal congestion, shortness of breath, fever, and coughing.

13. The Plaintiff filed an administrative remedy about the overcrowding and denial of space to socially distance, which the warden denied.

C. STAFF FAILURE TO PROTECT AND COMPLY WITH FBOP CONTROLLED MOVEMENT RULES, CAUSING THE PLAINTIFF TO BE ASSAULTED.

14. October 29, 2019, the Plaintiff was assaulted by inmate Maria Cruz. This incident occured due to the failure of 3 correctional staff members to secure their post, as is the rule.

15. During the 7:00pm controlled movement on October 29, 2019, Inmate Cruz was instructed to leave the Education Building, by Ms. Pinervirgio, a teacher. Ms. Pinervirgio was alone in the Education Building, no other staff. The inmate was improperly dressed and had contraband, therefore, this was the reason for ordering her to leave.

16. The controlled movement is 10 minutes. The order was given over the radio that the movement was closed and to secure your door/post. This was at 7:10pm. However, Cruz re-entered the Education Building because her housing unit, C-Unit was not secured, the gate leading to the Education Building was not secured, and the Education Building door was not secured.

17. As Inmate Cruz was assaulting the Plaintiff, other inmates went to get help. Ms. Pinervirgio came, but did not have her

radio, which allowed the inmate to assault the Plaintiff for a second time, when Ms. Pinervirgio went to find her radio to call for help.

18.    The Plaintiff sustained numerous head, neck, and wrist injuries , with permanent scarring on her right wrist.

- 8 -

## V. STATEMENT OF CLAIMS

State what rights under the Constitution, laws, or treaties of the United States have been violated. Be specific. If more than one claim is asserted, number each separate claim and relate it to the facts alleged in Section III. If more than one Defendant is named, indicate which claim is presented against which Defendant.

See next pages

## VI. RELIEF REQUESTED

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/ statutes. If requesting money damages *(either actual or punitive damages)*, include the amount sought and explain the basis for the claims.



1. Reduce prison population
2. Declare conditions unconstitutional at FCI-Tallahassee.
3. Damages, compensatory, punitive, + nominal as determined by a jury, in excess of $75,000, per defendant.
4. Fees + costs
5. Any relief deemed necessary

## V.   STATEMENT OF CLAIMS

### A.   MOLD CLAIMS, NEGLIGENCE AND NEGLIGENCE PER SE

19.   Paragraphs 1-5, are incorporated by reference in this Section.

20.   The Defendants, United States, Strong, and the Unknown Roof Contractors were negligent in the implementation of government safety regulations regarding toxic mold that was allowed to colonize in the housing units at FCI-Tallahassee.

21.   As a result of regular exposure to toxic mold, over 2 years, the Plaintiff experienced and continues to suffer with numerous ailments left untreated by the prison staff.

22.   Defendant United States, Warden Strong, and the Unknown Roof Contractors ignored indications of the dangerous condition of the housing units and intentionally or recklessly or both intentially and recklessly permitted the Plaintiff to breathe toxic mold spores, in spite of health hazards that were apparent, which the government knew or should have known.

### B.   MOLD CLAIMS, FEDERAL TORT CLAIMS ACT

23.   The Plaintiff raises a claim pursuant to the Federal Tort Claim Act and the discretionary function exception is not applicable because the Defendants cannot escape liability for negligent maintenance of their property, while housing the Plaintiff and forcing their employees to inhale toxic mold.

24.   This mold claim is a matter concerning safety.  The Defendants have a responsibility to maintain safe prisons.

25.   The Defendant United States and Warden Strong failed to monitor and ensure safety of all housing units, as well as the work of hired contractors.

26.   Failure to hire professionals to remove the toxic mold, which is visible, was gross negligence, where in the State of Florida, it is well known that mold causes numerous health problems.

27.   The Court has jurisdiction to grant relief because the Defendants violated Florida law on negligence.  The Defendants had a duty to provide a safe housing unit, failing to remove health hazards or negligent implementation of the removal of the mold and repair of the roof breached that duty, the failure to remove the mold and repair the roof caused the Plaintiff to become and remain ill, directly caused her injury, and the Defendants are liable for payment of damages.

### C.   MOLD CLAIMS, 8th AMENDMENT VIOLATION

28.   Defendant Warden Strong is deliberately indifferent to

-10-

the safety and welfare of the Plaintiff.  The warden knew about the mold, a clear safety hazard to the Plaintiff's health, and failed to take any action to remove the mold and/or repair the roof.  Because the warden was deliberately indifferent to the safety of the Plaintiff, the  Plaintiff has suffered numerous health problems, of which most have went untreated. Defendant Warden Strong is directly responsible for the safety of the Plaintiff from health hazards in housing units, she knew of the risk, and deliberately ignored them, stating in a grievance that there was no money in the budget, an excuse most courts have rejected.

D.  COVID-19 AND  OVERCROWDING CLAIMS, NEGLIGENCE AND FTCA

29.  Paragraphs 6-13, are incorporated by reference in this Section.

30.  The Defendants, United States, Warden Strong, and other Unknown prison officials were negligent under Florida law in the implementation of safe housing standards by allowing inmates before, during, and after the pandemic to sleep in virtually the same bed.

31.  The Defendant, United States, and agents of, failed to properly space the Plaintiff a reasonable distance from other inamtes from 2018 to the present, causing her to become ill, twice, from the flu and then the COVID-19 virus, and there for are liable for damages, pursuant to Florida law and the FTCA.

COVID-19 AND OVERCROWDING CLAIMS, 8th AMENDMENT VIOLATION

32.  Defendant United States and Warden Strong were deliberately indiffent to the safety of the Plaintiff before, during, and in the present by continuing to house the Plaintiff in an over-crowded open dorm.  Over 80% of the prison and employees con-tracted the virus due to overcrowding and extended exposure to mold, which weakens the immune system.  The Plaintiff remains ill right now and although she went to "sick call" on June 22, 2021, nothing was done.  Her vital signs were not even taken.  The Defendants do not take the safety of the inmates and employees seriously.  The Warden breached her duty to maintain safe housing units and she personally witnessed how overcrowded and close inmates were sleeping next to each other.  Warden Strong did nothing to elevate the overcrowding.

33.  Defendant Warden Strong refused to utilize the CARES Act transfer to home confinement for the Plaintiff, leaving her sick, in an overcrowded dorm, full of the virus, although she had the power to transfer the Plaintiff out of this dangerous condition.

E.   STAFF FAILURE TO PROTECT AND COMPLY WITH POST ORDERS CAUSING ASSAULT, NEGLIGENCE AND FTCA VIOLATION

34.   Paragraphs 14-18, are incorporated by reference in this Section.

35.   The three FBOP employees have no discretion when it comes to securing their post during a controlled movement.  During every announcement of the closing of a controlled movement, staff are instructed to "secure your doors."  This is an order not a suggestion.

36.   All three FBOP employees were negligent in failing to secure their post, by locking the doors.  All three had a duty to perform and failed to do so.  They breached this duty and caused the Plaintiff to be assaulted and suffer numerous painful injuries.  The United States is liable for damages for this claim.

A. To the best of your knowledge, have you had any case dismissed for a reason listed in § 1915(g) which counts as a "strike"?

☑ YES ☐ NO

If you answered yes, identify the case number, date of dismissal and court:

1. Date:_____Case #: _____

   Court: _____

2. Date:_____Case #: _____

   Court: _____

3. Date:_____Case #: _____

   Court: _____

   *(If necessary, list additional cases on an attached page)*

I have very limited access to electronic law library.

B. Have you filed other lawsuits in either ***state or federal court*** dealing with the same facts or issue involved in this case?

☐ YES ☑ NO

If you answered yes, identify the case number, parties, date filed, result (*if not still pending*), name of judge, and court for each case (*if more than one*):

1. Case #:_____ Parties: _____ _____

Court:____                    !ge: ___

Date Filed:_____ Dismissal Date *(if not pending)*: _____

Reason: _____

2.  Case #:_____Parties: _____

Court:_____Judge: _____

Date Filed:_____Dismissal Date *(if not pending)*: _____

Reason: _____

C.  Have you filed any other lawsuit in federal court either challenging your conviction or otherwise relating to the conditions of your confinement?

☑YES   ☐ NO

If you answered yes, identify all lawsuits:

1.  Case #: 7:17-009  Parties: USA

    Court: ND-Tex    Judge: Reed O'Connor

    Date Filed: 2016  Dismissal Date *(if not pending)*: 3/2021

    Reason: failure to state a claim

2.  Case #: 4:16-1042Y Parties: Warden

    Court: ND-Texas  Judge: Terry R Means

    Date Filed: 2017  Dismissal Date *(if not pending)*: 2018

    Reason: dismissed lack of jurisdiction

3.  Case #: H-17-3295 Parties: Warden Steve Mora

Court: SD÷Tex          Judge: Gray H. Miller

Date Filed: 2018   Dismissal Date *(if not pending)*: 2018

Reason: Want of Jurisdiction

4. Case #: 4:14-300   Parties: Warden

   Court: ND Florida   Judge: Charles A. Stampelos

   Date Filed: 2014   Dismissal Date *(if not pending)*: 2015

   Reason: lack of jurisdiction

5. Case #: 19-2713   Parties: USA-

   Court: D. Minn   Judge: Catherine Menendez

   Date Filed: 2018   Dismissal Date *(if not pending)*: 2020

   Reason: could not pay filing fee

6. Case #: 15-1135   Parties: Medicare FOIA Group

   Court: D-Columbia   Judge: Emmet G. Sullivan

   Date Filed: 2015   Dismissal Date *(if not pending)*: pending

   Reason: costs & fee, I was prevailing party

*(Attach additional pages as necessary to list all cases. **Failure to**

**disclose all prior cases may result in the dismissal of this case.**)*

I have limited access to electronic law library to access all information. There may be more cases.

## IX. CERTIFICATION

I declare under penalty of perjury that the foregoing (including all

continuation pages) is true and correct. Additionally, as required by Federal

Rule of Civil Procedure 11, I certify that to the best of my knowledge, information, and belief, this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to timely notify the Clerk's Office if there is any change to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date 6/23/21 Plaintiff's Signature: _____

Printed Name of Plaintiff: Rhonda Fleming

Correctional Institution: FCI- Tallahassee

Address: PO Box 5000

Tallahassee, FL 32301

**I certify and declare, under penalty of perjury, that this complaint was (check one) ☐ delivered to prison officials for mailing or ☒ deposited in**

the prison's mail system for mailing on the 23rd day of June,
20 24.


Signature of Incarcerated Plaintiff: _____

Rhonda Fleming 20446-009
FCI- Tallahassee
PO Box 5000
Tallahassee, FL 32314

0 Lb 8.40 Oz
1000

C001

SHIP
TO:
111 N ADAMS ST
Tallahassee FL 32301-7736

USPS TRACKING® #

9500 1117 6623 1176 6076 67

United States District Court
Office of the Clerk
111 North Adams Street
Tallahassee, FL 32301

JUN 2 8 REC'D

Legal Mail

