UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

Fourth Amended

CIVIL RIGHTS COMPLAINT FORM FOR
PRO SE, PRISONER LITIGANTS IN ACTIONS UNDER
28 U.S.C. § 1331 or § 1346 or 42 U.S.C. § 1983

Rhonda Fleming,

Inmate ID Number: 20446-009

v.                                          Case No. 4:20-cv-545-WS/MJF

United States of America
Warden Erica Strong                 Jury Trial Requested?
                                    ☒ YES ☐ NO
Unknown Roof Contractors
Environmental Protection Agency

*(Write the full name of each
Defendant who is being sued. If the
names of all the Defendants cannot
fit in the space above, please write
"see attached" in the space and
attach an additional page with the
full list of names. Do not include
addresses here.)*

## I. PARTIES TO THIS COMPLAINT

A. Plaintiff

Plaintiff's Name: _Rhonda Fleming_    ID Number: _20446-009_

List all other names by which you have been known: _None_

Current Institution: _FCI—Tallahassee_

Address: _P O Box 5000_

_Tallahassee, FL 32314_

B. Defendant(s)

State the name of the Defendant, whether an individual, government agency, organization, or corporation. For individual Defendants, identify the person's official position or job title, and mailing address. Indicate the capacity in which the Defendant is being sued. Do this for *every* Defendant:

1. Defendant's Name: _United States of America_

Official Position: _government_

Employed at: _N | A_

Mailing Address: _c/o Dept of Justice_
_950 Pennsylvania Ave, NW_
_Washington, DC 20530_

☐ Sued in Individual Capacity    ☒ Sued in Official Capacity

NDFL Pro Se 14 (Rev 08/21) Civil Rights Complaint Prisoner
ClerkAdmin/Official/Forms

-2-

2. Defendant's Name: _Warden Erica Strong_

Official Position: _Warden of FCI - Tallahassee_

Employed at: _Department of Justice_

Mailing Address: _501 Capital Circle, NE_

_Tallahassee, FL 32301_

☒ Sued in Individual Capacity          ☒ Sued in Official Capacity

3. Defendant's Name: _Unknown Roof Contractors_

Official Position: _none_

Employed at: _unknown_

Mailing Address: _____

☒ Sued in Individual Capacity          ☐ Sued in Official Capacity

*(Provide this information for all additional Defendants in this case by attaching additional pages, as needed.)*

## II. BASIS FOR JURISDICTION

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution" and federal law. Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), you may sue federal officials for the violation of certain Constitutional rights.

NDFL Pro Se 14 (Rev 08/21) Civil Rights Complaint Prisoner
ClerkAdmin/Official/Forms

4. Defendant's Name: Environmental Protection Agency
Official Position: Government Agency
Employed at:      N/A
Mailing Address: 61 Forsyth Street
                 Atlanta, GA 30303-3104

Are you bringing suit against *(check all that apply)*:

□ Federal Officials *(Bivens case)*        □ State/Local Officials *(§ 1983 case)*

## III. PRISONER STATUS

Indicate whether you are a prisoner, detainee, or in another confined status:

□ Pretrial Detainee          □ Civilly Committed Detainee

□ Convicted State Prisoner   ☒ Convicted Federal Prisoner

□ Immigration Detainee       □ Other *(explain below)*:

_____

_____

## IV. STATEMENT OF FACTS

Provide a short and plain statement of the *facts* which show why you are entitled to relief. Describe how *each* Defendant was involved and what each person did, or did not do, in support of your claim. Identify when and where the events took place, and state how each Defendant caused you harm or violated federal law. Write each statement in short numbered paragraphs, limited as far as practicable to a single event or incident. ***Do not make legal argument, quote cases, cite to statutes, or reference a memorandum.*** You may make copies of the following page if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages

should be attached. *Facts not related to this same incident or issue must be*

*addressed in a separate civil rights complaint.*

See following pages

IV.   STATEMENT OF FACTS

A.   MOLD & ASBESTOS CLAIM

1.   The Plaintiff was assigned to Housing Unit, A-South, in January 2019, and remains in this unit, which is an open dorm.

2.   The roof in this housing unit has been leaking for over 2 years.   The ceiling, walls, and windowsills are covered with toxic mold and other toxins. Asbestos is also present in the units.

3.   The Plaintiff filed tort claims, exhausted the administrative remedy process, and contacted the Environmental Protection Agency about the toxic mold.   The Plaintiff discussed the mold problem with Defendant Strong when she inspected the housing unit, with Health Services Staff, and the Facilities Supervisor, for years.   The mold was never removed.

4.   The Facilities Supervisor, Mr. Cox, told the Plaintiff that contractors had repaired the roof.   He did not tell her who the contractors were or when the repairs were completed. However, at the present, the roof continues to leak.

5.   The plaintiff has suffered daily headaches, nausea, runny nose, upset stomach, muscle pain, join pain, irritated eyes, memory loss, excess sudden weight gain, persistent coughing, and hair loss.


B.   COVID-19 AND OVERCROWDING CLAIM

6.   The Plaintiff arrived at FCI-Tallahassee, in October 2018, and was assigned to Housing Unit, B-North.

7.   In B-North, 4 inmates are assigned to a cubicle, in an open dorm.   Inmates assigned to the top bunk, sleep within 2 to 3 inches from the next inmate in a top bunk.   There is no barrier separating inmates on top bunks.

8.   Within 1 to 2 days of being assigned to this top bunk, the Plaintiff became ill with flu like symptoms.   The inmate that was on the top bunk next to the  Plaintiff was already sick and had been denied medical care.   She was told to take medication on the commissary, although she was very ill, and should have been quarantined because it was flu season.

9.   The Plaintiff filed grievances on the matter.

10.   The Plaintiff was called in to speak to the Unit Manager, Mr. Bryant.   The Plaintiff told Mr. Bryant that the illness was caused by sleeping with an inmate and that it was very uncomfortable, bordering on a PREA violation, because inmates were essentially sleeping in the same bed with another inmate.

Mr. Bryant, in a nice way, stated, "I was in the Navy and we slept a lot tighter." The Plaintiff responded, "Sir, this is not the Navy and I did not sign up for this prison. It is improper to have inmates sleeping this close to each other... in fact, I would say it is immoral. About 20% of the inmates in here are gay and I think this is a PREA violation to force inmates to be this close. It is also dangerous for spreading infectious diseases." Mr. Bryant asked what did the Plaintiff want him to do. The Plaintiff stated that the top bunks need to be taken down. Mr. Bryant laughed and stated he was retiring. The top bunks with inmates sleeping right next to each other, even during a pandemic, remained this way. 80% of the prison contracted the virus.

11. When the pandemic started, because inmates were in over-crowded dorms, and denied the ability to socially distance, the Plaintiff contracted the COVID-19 virus from inmate Heather Yarber, an inmate assigned to her cubicle.

12. Yarber, the Plaintiff, and other inmates in prison were denied medical care in February and March 2020. The Plaintiff was left to suffer without any care for over 2 weeks. The Plaintiff had a severe headache, body chills, nasal congestion, shortness of breath, fever, and coughing.

13. The Plaintiff filed an administrative remedy about the overcrowding and denial of space to socially distance, which the warden denied.

C. STAFF FAILURE TO PROTECT AND COMPLY WITH FBOP CONTROLLED MOVEMENT RULES, CAUSING THE PLAINTIFF TO BE ASSAULTED.

14. October 29, 2019, the Plaintiff was assaulted by inmate Maria Cruz. This incident occured due to the failure of 3 correctional staff members to secure their post, as is the rule.

15. During the 7:00pm controlled movement on October 29, 2019, Inmate Cruz was instructed to leave the Education Building, by Ms. Pinervirgio, a teacher. Ms. Pinervirgio was alone in the Education Building, no other staff. The inmate was improperly dressed and had contraband, therefore, this was the reason for ordering her to leave.

16. The controlled movement is 10 minutes. The order was given over the radio that the movement was closed and to secure your door/post. This was at 7:10pm. However, Cruz re-entered the Education Building because her housing unit, C-Unit was not secured, the gate leading to the Education Building was not secured, and the Education Building door was not secured.

17. As Inmate Cruz was assaulting the Plaintiff, other inmates went to get help. Ms. Pinervirgio came, but did not have her

- 8 -

radio, which allowed the inmate to assault the Plaintiff for a second time, when Ms. Pinervirgio went to find her radio to call for help.

18.   The Plaintiff sustained numerous head, neck, and wrist injuries , with permanent scarring on her right wrist.

D.   FREEDOM OF INFORMATION CLAIM

19.   The Plaintiff mailed a Freedom of Information request to the Environmental Protection Agency, in Atlanta, Georgia, on January 4, 2021, pursuant to 5 USC § 552, requesting all records related to their inspections of FCI-Tallahassee for asbestos and toxic mold for the last 15 years.  Specifically, the request sought any documents where the Agency informed the warden that a housing unit or any other building was unsafe due to asbestos, mold, or any other toxic substance.

20.   As of the filing of this Complaint, the Plaintiff has never received a response to her request, in accordance with Section 552, within 20 days.

—9—

## V. STATEMENT OF CLAIMS

State what rights under the Constitution, laws, or treaties of the United States have been violated. Be specific. If more than one claim is asserted, number each separate claim and relate it to the facts alleged in Section IV. If more than one Defendant is named, indicate which claim is presented against which Defendant.

*See attached pages*

## VI. RELIEF REQUESTED

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/ statutes. If requesting money damages *(either actual or punitive damages)*, include the amount sought and explain the basis for the claims.

*See attached pages*

NDFL Pro Se 14 (Rev 12/16) Civil Rights Complaint Prisoner
ClerkAdmin/Official/Forms

— 10 —

V.    STATEMENT OF CLAIMS

A.    DEFENDANT UNITED STATES OF AMERICA ("USA")
      Federal Tort Claim Act, Negligence, & Premises Liability
      Mold & Asbestos Claims
21.   Paragraphs 1-5, are incorporated in this Section.

22.   Defendant USA was negligent through its employees failure
to implement government safety regulations regarding toxic
mold that was allowed to colonize, asbestos, and other toxic
substances which were not remediated from housing units.

23.   Defendant USA caused the Plaintiff to be exposed to toxic
mold, asbestos, and other toxic substances for over 2 years
because its employees were negligent in following through with
safety procedures to control the accumulation of toxic mold,
asbestos, and other toxic substances.  There is a failure to
maintain a safe housing environment at FCI-Tallahassee.

24.   Defendant USA's employees ignored indication of the dangerous
condition of the housing units and intentionally or recklessly
or both, permitted the Plaintiff to breathe toxic substances,
in spite of health hazards that were apparent, which the government
knew or  should have known about.

25.   The Plaintiff raises a claim pursuant to the Federal Tort
Claim Act ("FTCA") and the discretional function exception
is not applicable because the Defendants cannot escape liability
for negligent maintenance of their property, while housing
the Plaintiff and forcing her to inhale toxic substances 24
hours a day for over 2 years.

26.   Defendant USA's employees failed to maintain a safe prison
as is their statutory and constitutional duty.

27.   The Plaintiff is entitled to relief because Defendant
USA's employees violated Florida state law on negligence and
premises liability.  Defendant USA has a duty to provide safe
housing.  Defendant USA failed to remove toxic mold, asbestos,
and other dangerous substances.  The Defendant failed to repair
leaking windows and the roof, which caused toxic mold to colonize
in the housing units.  Due to this failure, the Plaintiff suffered
numerous long term injuries, to include hair loss, severe weight
gain, memory loss, daily headaches, contracted the COVID-19
virus because her immune system was  compromised by the mold,
nerve damage, daily coughing, runny nose, and all over body
pain.

      COVID-19 and Unconstitutional Overcrowding Claim

28.   Paragraphs 6-13, are incorporated by reference in this
Section.

-11-

29.    Defendant USA's employees were negligent under Florida state law in the implementation of safe housing standards by allowing inmates before, during, and in with the pandemic on-going, to sleep in virtually the same bed, with a distance of 2 to 3 inches apart.

30.    Defendant USA's employees refuse to allow the Plaintiff and other inmates to have space for social distancing within the housing units.  The Plaintiff is housed in A-South, a housing unit that has been at maximum capacity for most of the pandemic.

31.    Defendant USA's employees failed to properly space the Plaintiff a reasonable distance from other inmates from 2018 to the present, causing her to become ill in December 2018, with the flu, and again with the COVID-19 virus in 2020.

32.    Defendant USA is liable for damages, pursuant to Florida law and the FTCA, due to its employees failure to ensure the Plaintiff had adequate space for social distancing.  The failure to implement and enforce safety policies to reduce the inmate population was negligent and/or intentional conduct, which caused the aforementioned injuries to the Plaintiff.

33.    Defendant USA had a duty to provide safe housing during a period where an infectious disease, may it be the flu or virus, was spreading thoroughly out the prison.  Damages due to violation of Florida law on premises liability is warranted.

Failure to Protect Claim

34.    Paragraphs 14-18, are incorporated by reference, in this Section.

35.    Defendant USA's employees failed to protect the Plaintiff by implementing and enforcing polices under General Post Rules during controlled movements requiring all doors and gates to be securely locked.

36.    Because Defendant USA's employees failed to secure their post and were negligent in this common duty of locking doors and gates, this allowed an inmate to get through two doors and a gate, that were unsecured, and later assault the Plaintiff.

37.    The Plaintiff suffered numerous injuries and is permanently scarred on her neck and wrist.  The Plaintiff continues to suffer neck and back pain due to the assault.

38.    The Plaintiff is entitled to damages because Florida state law on negligence and premises liability were violated, thus allowing for damages under the FTCA.

-12-

B.    DEFENDANT WARDEN ERICA STRONG ("Warden")
      8th Amendment Violation

39.    Paragraphs 1-13, are incorporated by reference in this Section.

40.    Defendant Warden was deliberately indifferent to the safety needs of the Plaintiff before, during, and in the present continuing housing of the Plaintiff in an open dorm, with the following unconstitutional conditions:
      a.    Leaking roof;
      b.    Ceiling, windowsills, and doors with visible mold;
      c.    Over 70 inmates in A-South housing unit, denying the Plaintiff and other inmates room to socially distance; and
      d.    Lack of proper sanitation and venilation.

41.    The conditions listed in Paragraph 40, are visible to the Warden, administrative remedies have been filed and exhausted on these unconstitutional conditions.  Defendant Warden has not taken any action to correct these unsafe conditions.

42.    The former Attorney General gave Defendant Warden the ability to reduce the inmate population by sending non-violent inmates to home confinement, to allow for social distancing for those that were violent and/or sex offenders to be protected form the virus.  Out of hundreds of inmates assigned to Unit-A-South, only one inmate was approved for home confinement. As stated above, A-South unit has been at maximum capacity for the duration of the pandemic.

43.    Defendant Warden's conduct is indifferent and reckless. Her decision to leave the Plaintiff in a housing unit with over 70 inmates, in an open dorm, running the prison at maximum capacity, when other FBOP wardens were reducing their populations is based on greed, wanting to maintain a large budget to run the prison, to have control over millions of dollars without correcting unconstitutional conditions.

44.    The Plaintiff has discussed the mold, asbestos, and other conditions in the housing units with the Warden, all to no avail.  Defendant Warden refused to transfer the Plaintiff to home confinement over the recommendation of two case managers, with over 20 years of experience of dealing with inmates.

45.    The Plaintiff contracted the virus and continues to suffer with mold illnesses because the Warden refuses to utilize or implement policies to protect the Plaintiff and other inmates.  Defendant Warden was recklessly indifferent to providing safety for the Plaintiff, other inmates, and her employees, who are overworked in an overcrowded prison.

46.    Declaratory judgment and damages are warranted where if Defendant Warden would have transferred more inmates to home

-13-

confinement, less inmates and employees would have contracted the virus.

47.   Defendant Warden's deliberate indifference to repairing the roof and allowing the Plaintiff and 150 other inmates to sleep in the rain which comes through the roof, shows her disregard for humans.  Defendant Warden failed to apply for funding to immediately repair the roof or reduce the inmate population by transferring inmates to home confinement or other prisons. Instead, Defendant Warden continues to violate the constitutional rights of the Plaintiff by forcing her to live in unsafe housing conditions.

48.   The intentional, reckless conduct of Defendant Warden has caused the Plaintiff physical and emotional pain.  The Plaintiff has long term physical and psychological injuries due to the abusive of the Defendant Warden.

C.    DEFENDANT UNKNOWN ROOFING CONTRACTORS ("URC")
      Mold Claim

49.   Paragraphs 1-5, are incorporated by reference in this Section.

50.   Defendant URC under Florida state law for negligence and premises liability failed to properly repair the roof at FCI-Tallahassee, which caused the colonizing of mold to increase.

51.   Defendant URC were paid by the United States of America to repair the roof and failed to do so.  The Plaintiff is making a third-party liability claim against Defendant URC, in which this Defendant had a duty to properly repair the roof, with knowledge that persons lived in the building, and failure to properly repair the roof would likely harm persons living in the building.

52.   The Plaintiff has suffered injury due to the negligence of the Defendant and is entitled to damages under Florida state law.

D.    DEFENDANT ENVIRONMENTAL PROTECTION AGENCY ("EPA")
      Freedom of Information Act Request

53.   Paragraphs 19-20, are incorporated by reference in this Section.

54.   By law, Defendant EPA has a statutory duty to provide the records the Plaintiff requested in 20 days.   The Defendant failed to do so, therefore, the Plaintiff is suing for the documents to be produced.

-14-

VI.   RELIEF REQUESTED

1.    Professional removal of toxic mold, asbestos, and other chemicals in the housing units;

2.    Declaration that present conditions are unconstitutional and in violation of state and federal laws;

3.    Reduction of prison population at FCI-Tallahassee to provide for social distancing;

4.    Production of all documents requested pursuant to 5 USC § 552, Freedom of Information Act;

5.    Compensatory, punitive, and nominal damages, as determined by a jury, in excess of $75,000;

6.    Attorney fees and costs; and,

7.    Any relief deemed necessary by the Court.

-15-

ATTENTION: *The Prison Litigation Reform Act ("PLRA") does not permit awards for punitive or compensatory damages "for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act . . . ." 42 U.S.C. § 1997e(e).*

## VII.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

The PLRA requires that prisoners exhaust all available administrative remedies *(grievance procedures)* before bringing a case. 42 U.S.C. § 1997e(a). **ATTENTION:** *If you did not exhaust available remedies prior to filing this case, this case may be dismissed.*

## VIII.  PRIOR LITIGATION

ATTENTION: *The "three strikes rule" of the PLRA bars a prisoner from bringing a case without full payment of the filing fee at the time of case initiation if the prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).*

NDFL Pro Se 14 (Rev 12/16) Civil Rights Complaint Prisoner
ClerkAdmin/Official/Forms

— 16 —

A.  To the best of your knowledge, have you had any case dismissed for a reason listed in § 1915(g) which counts as a "strike"?

☒ YES   ☐ NO

If you answered yes, identify the case number, date of dismissal and court:

1.  Date: 4/14/2000 Case #: Fleming v. Ratliff No. 6:97-405
    Court: W. D. Texas

2.  Date: 1/20/2000 Case #: 6:97-409
    Court: W. D. Texas

3.  Date: 10/18/2000 Case #: 00-50318
    Court: 5th Circuit Court of Appeals

*(If necessary, list additional cases on an attached page)*

B.  Have you filed other lawsuits in either **state or federal court** dealing with the same facts or issue involved in this case?

☐ YES   ☒ NO

If you answered yes, identify the case number, parties, date filed, result *(if not still pending)*, name of judge, and court for each case *(if more than one)*:

1.  Case #:_____ Parties: _____

NDFL Pro Se 14 (Rev 12/16) Civil Rights Complaint Prisoner
ClerkAdmin/Official/Forms

-17-

4. Date: 8/24/2000 Case#: 00-60056
   5th Circuit Court of Appeals

Court:_____Judge: _____

Date Filed:_____Dismissal Date *(if not pending)*: _____

Reason: _____

2.  Case #:_____Parties: _____

Court:_____Judge: _____

Date Filed:_____Dismissal Date *(if not pending)*: _____

Reason: _____

C.  Have you filed any other lawsuit in federal court either challenging your

conviction or otherwise relating to the conditions of your confinement?

☒ YES   ☐ NO

If you answered yes, identify all lawsuits:

1.  Case #: 09-20877 Parties: King Arthur, Bose Ebhamen

Court: 5th Circuit Judge: Smith, De Moss, & Owen

Date Filed: 2010 Dismissal Date *(if not pending)*: 7/15/2011

Reason: appeal denied

2.  Case #: 11-20786 Parties: USA

Court: 5th Circuit Judge: Jones, Dennis, + Haynes

Date Filed: 2013 Dismissal Date *(if not pending)*: N/A

Reason: remanded

3.  Case #: H-07-0513 Parties: USA

NDFL Pro Se 14 (Rev 12/16) Civil Rights Complaint Prisoner
ClerkAdmin/Official/Forms

Court: S.D. Texas    Judge: Gray H. Miller

Date Filed: 2012    Dismissal Date *(if not pending):* 4/7/2014

Reason: Section 2255 denied

4. Case #: H-09-2763 Parties: GEO Group, et al.

Court: SD Texas    Judge: Lee H. Rosenthal

Date Filed: 2009    Dismissal Date *(if not pending):* 4/12/10

Reason: Three-Strikes provisions

5. Case #: H-05-718 Parties: USA

Court: SD Texas    Judge: Melinda Harmon

Date Filed: 2010    Dismissal Date *(if not pending):* 8/3/10

Reason: denied on merits

6. Case #: 7:17cv009 Parties: USA

Court: ND Texas    Judge: Reed O'Connor

Date Filed: 2016    Dismissal Date *(if not pending):* 1/11/2018

Reason: transferred - new case

*(Attach additional pages as necessary to list all cases.* **Failure to**

**disclose all prior cases may result in the dismissal of this case.)**

See additional pages

## IX.  CERTIFICATION

I declare under penalty of perjury that the foregoing (including all

continuation pages) is true and correct. Additionally, as required by Federal

NDFL Pro Se 14 (Rev 12/16) Civil Rights Complaint Prisoner
ClerkAdmin/Official/Forms

Case #: 4:16cv1042-Y  Parties: Warden, USA
Court: N.D Texas  Judge: Terry R. Means
Date filed: 2016  Dismissal Date: 1/19/2018
Reason: lack of jurisdiction


Case #: H-17-3295  Parties: Warden, USA
Court: S.D. Texas  Judge: Gray H. Miller
Date Filed: 2017  Dismissal Date: 4/10/2018
Reason: want of jurisdiction


Case #: 4:16cv989  Parties: Warden, USA
Court: N.D. Texas  Judge: Reed C O'Connor
Date filed: 2016  Dismissal Date: 12/27/2017
Reason: Denied on the merits.


Case #: 4:16cv474  Parties: Warden, USA
Court: N.D. Texas  Judge: Reed C. O'Connor
Date filed: 2016  Dismissal Date: 6/16/2016
Reason: lack of jurisdiction


Case #: W-97-CV-415  Parties: Warden/State of Texas
Court: W.D. Texas  Judge: Unknown
Date Filed: 1997  Dismissal Date: 1998
Reason: Did not pay filing fee; IFP denied


Case # 00-50078  Parties: Warden/State of Texas
Court: 5th Circuit  Judge: Smith, Barksdale + Benavides
Date Filed: 1999  Dismissal Date: 10/18/2000
Reason: IFP Denied


Case #: 18-10116  Parties Warden, USA
Court: 5th Circuit  Judge: Southwick, Haynes, + Ho
Date filed: 2018  Dismissal Date: 12/19/2018
Reason: Dismissed as frivolous


- 21 -

Case#: 4:14cv00300MWCAS Parties: Warden
Court: ND Florida Judge: Mark E, Walker
Date Filed: 2014   Dismissal Date: 3/24/2015
Reason: lack of jurisdiction

Case#: 15-11471  Parties: Warden
Court: 11th Circuit Judge: Tjoflat, Marcus, & Pryor
Date Filed: 2015  Dismissal Date: 11/18/2015
Reason: failure to state a claim/lack jurisdiction

Case#: 14-20246  Parties: USA
Court: 5th Circuit   Dismissal Date: 9/4/2015
Date Filed: 2014  Judge James L. Dennis
Reason: Denial of COA

Case#: 13-10042   Parties: Geo Group, USA, et al
Court: 5th Circuit  Judge: Higginbotham, Owen, & Southwick
Date Filed: 2013  Dismissal Date: 8/7/2013
Reason: Case Affirmed.

Case No. 7:18cv004  Parties: Warden, USA
Court: ND Texas  Judge Reed C. O'Connor
Date Filed: 2018  Dismissal Date: 5/27/21
Reason: Failure to state a claim on which
          relief can be granted.

Case No. 4:20cv-212-AW-EMT Parties: Warden
Court: ND Florida  Judge: Allen Winsor
Date Filed: 2020  Dismissal Date: 2/15/2021
Reason: Denied on merits.

Case No. 5:18cv00043FPS Judge: Fredrick P. Stamp
Court: ND W.Va  Parties: Warden
Date Filed: 2018  Dismissal Date: 2018, 12/20
Reason: Denied on the Merits

-22-

Case#: 19CV2713   Parties: USA, DOJ, et al
Court: D. Minn.   Judge: Susan Richard Nelson
DateFiled: 2018   Dismissal Date: 3/26/2020
Reason: Barred IFP, dismissed w/o prejudice

Case#: 16CV3116   Parties: USA, Lt. Riehm
Court: E.D. Minn.   Judge: Patrick J. Schiltz
DateFiled: 2016   Dismissal Date: 12/9/2016
Reason: Dismissed w/o prejudice

Case#: 1:15cv01135   Parties: Medicare FOIA
Court: DC   Judge: Emmet G. Sullivan
DateFiled: 2015   Dismissal Date: pending
Reason: I was prevailing party-fees &
costs decision pending.

Rule of Civil Procedure 11, I certify that to the best of my knowledge, information, and belief, this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to timely notify the Clerk's Office if there is any change to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date: 9/1/21 Plaintiff's Signature: _____

Printed Name of Plaintiff: Rhonda Fleming

Correctional Institution: FCI-Tallahassee

Address: PO Box 5000

Tallahassee, FL 32314

**I certify and declare, under penalty of perjury, that this complaint was**

**(*check one*) ☐ delivered to prison officials for mailing or ☒ deposited in**

NDFL Pro Se 14 (Rev 12/16) Civil Rights Complaint Prisoner
ClerkAdmin/Official/Forms

- 24 -

the prison's mail system for mailing on the____/____day of ___September____,
20_21_.


Signature of Incarcerated Plaintiff: _____

NDFL Pro Se 14 (Rev 12/16) Civil Rights Complaint Prisoner
ClerkAdmin/Official/Forms

January 4, 2021


Environmental Protection Agency
61 Forsyth Street, Federal Center
Atlanta, GA 30303-3104


RE:    FREEDOM OF INFORMATION ACT REQUEST

To Whom It May Concern:

        Pursuant to 5 U.S.C. Section 551-552, I am requesting
the following documents/records in regards to:

FCI-Tallahassee, a federal prison

1.      Any documents or records relating to toxic mold in
any of the buildings.

2.      Any documents or records relating to the Agency instruct-
ing or advising the prison warden to close certain buildings
due to mold or asbestos.

3.      Any documents or records on safety violations by prison
officials.

        Please forward the following requested documents or
records to:

Rhonda Fleming #20446-009
FCI-Tallahassee
PO Box 5000
Tallahassee, FL 32314


Thank You,

Rhonda Fleming


cc:    file

Rhonda Fleming 20448-009
FCI-Tallahassee
Po Box 5000
Tallahassee, FL 32301



United States District Court
Office of the Clerk
111 North Adams Street
Tallahassee, FL 32301

Legal Mail