## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

RHONDA FLEMING,

     Plaintiff,

v.                                                          Case No. 4:20-cv-545-WS/MJF

UNITED STATES OF AMERICA and
WARDEN ERICA STRONG,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

     Plaintiff Rhonda Fleming has filed an "Emergency Motion to Re-Urge TRO-Injunctive Relief" ("injunctive-relief motion") and a "Motion for Emergency Hearing for Temporary Restraining Order and/or Preliminary Injunction" ("hearing motion").[1] Docs. 60, 67. Defendants have filed a response in opposition. Doc. 84. For the reasons set forth below, the undersigned recommends that the District Court deny Fleming's motions without prejudice.

---

[1] Fleming's injunctive-relief motion also requests permission to file a complaint that exceeds the 25-page limit imposed by the Local Rules of the United States District Court for the Northern District of Florida. Doc. 60. That portion of Fleming's motion was rendered moot by an order of the undersigned. Doc. 65.

# I. BACKGROUND

Fleming, an inmate confined at Federal Correctional Institution Tallahassee ("FCI Tallahassee") proceeding *pro se*, initiated this action against Defendants under *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA"). Doc. 61. She asserts several claims. She alleges that the United States is liable under the FTCA because its agents at FCI Tallahassee were negligent insofar as they allowed mold and asbestos to accumulate at FCI Tallahassee; allowed overcrowding within Fleming's dormitory during the COVID-19 pandemic; and failed to follow "General Post Rules" during a controlled movement, which resulted in Fleming being assaulted by another inmate. *Id.* at 11-13. She also alleges that Erica Strong violated the Eighth Amendment because she was "deliberately indifferent to the safety needs of [Fleming] before, during, and in the present continuing pandemic." *Id.* at 13. Finally, Fleming alleges that Strong violated the First Amendment because Strong refused to transfer Fleming to home confinement after Fleming filed grievances about the purported conditions at FCI Tallahassee. *Id.* at 13-14.

In the injunctive-relief motion, Fleming requests a temporary restraining order ("TRO") and preliminary injunction that would require the Federal Bureau of

Prisons ("BOP") to transfer Fleming to home confinement.[2] Doc. 60 at 1. Fleming alleges that the transfer is necessary because she "is still ill" from COVID-19 and "inhaling mold," and she remains in the same housing unit about which she complains in her fifth amended complaint. *Id.*; Doc. 67 at 2. By remaining in her assigned dorm at FCI Tallahassee, Fleming contends that she is in danger of dying because she lives with more than 70 inmates and FCI Tallahassee lacks necessary testing supplies. Doc. 67 at 3. In her hearing motion, Fleming argues that an emergency hearing is necessary so that she can present the testimony of a nurse practitioner and a facility supervisor. *Id.* at 3.

## II. DISCUSSION

A TRO or preliminary injunction is an extraordinary remedy. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008); *Bloedorn v. Grube*, 631 F.3d 1218, 1229 (11th Cir. 2011). Indeed, the grant of a TRO or preliminary injunction is "the exception rather than the rule." *United States v. Lambert*, 695 F.2d 536, 539 (11th Cir. 1983). The chief function of TROs and preliminary injunctions "is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated." *Ne. Fla. Chapter of Ass'n of Gen. Contractors v. City of Jacksonville*, 896 F.2d 1283,

---

[2] It is unclear from Fleming's injunctive-relief motion whether she requests only a TRO or she requests both a TRO and a preliminary injunction. Doc. 60. Fleming's hearing motion, however, requests a hearing for a TRO and a preliminary injunction. Doc. 67. The undersigned, therefore, addresses Fleming's injunctive-relief motion as requesting both a TRO and a preliminary injunction.

1284 (11th Cir. 1990); *see Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981) (discussing preliminary injunctions); *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 439 (1974) (discussing TROs); *All Care Nursing Serv. v. Bethesda Mem'l Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989); *United States v. State of Ala.*, 791 F.2d 1450, 1457 n.9 (11th Cir. 1986).

To establish entitlement to a TRO or a preliminary injunction, a movant must demonstrate:

(1)    a substantial likelihood of success on the merits of the underlying claim;

(2)    a substantial likelihood of suffering irreparable injury if the TRO or preliminary injunction is not granted;

(3)    that the threatened injury to the plaintiff outweighs any injury the nonmovant might suffer from the injunction; and

(4)    the injunction would not disserve the public interest.

*Winter*, 555 U.S. at 20; *Vital Pharms., Inc. v. Alfieri*, 23 F.4th 1282, 1290-91 (11th Cir. 2022); *In re Gateway Radiology Consultants, P.A.*, 983 F.3d 1239, 1254-55 (11th Cir. 2020); *Swain v. Junior*, 958 F.3d 1081, 1088 (11th Cir. 2020); *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995) (discussing the requirements for issuing a TRO). Failure to establish even one of the first two factors is fatal to a motion for a TRO or preliminary injunction. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)

(per curiam); *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *All Care Nursing Serv., Inc.*, 887 F.2d at 1537.

## A.    <u>Fleming Fails to Demonstrate a Substantial Likelihood of Success</u>

Fleming fails to demonstrate a substantial likelihood of success on the merits of her FTCA and *Bivens* claims. Indeed, Fleming does not even discuss the merits of her underlying claims. Docs. 60, 67.

The substantial likelihood of success generally is the most important factor courts consider when addressing motions for a TRO or preliminary injunction. *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1232 (11th Cir. 2005). Courts have "described likelihood of success as the 'sine qua non' of preliminary injunctive relief." *Ryan v. U.S. Immigr. & Customs Enf't*, 974 F.3d 9, 18 (1st Cir. 2020). "If there is no substantial likelihood of success on the merits, no injunction may be issued." *In re Gateway Radiology Consultants, P.A.*, 983 F.3d at 1254-55; *Bloedorn*, 631 F.3d at 1229 (stating that if the moving party "is unable to show a substantial likelihood of success on the merits, we need not consider the other requirements"); *Pittman v. Cole*, 267 F.3d 1269, 1292 (11th Cir. 2001) ("[O]ur cases have uniformly required a finding of substantial likelihood of success on the merits before injunctive relief may be provided.").

Because Fleming fails to show—or even to attempt to show—that she likely would prevail on her underlying claims, the District Court should deny Fleming's motions.

**B.**   **Fleming Requests Relief That the District Court Cannot Grant**

Fleming's motions also should be denied because she requests unavailable relief: transfer to home confinement. Doc. 60 at 1.

The BOP "(and under the CARES Act, the Attorney General) has plenary control over its inmates' placement." *United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021) (then citing *Tapia v. United States*, 564 U.S. 319, 331 (2011)); *United States v. Texeira-Nieves*, 23 F.4th 48, 58 (1st Cir. 2022) (same); *see* 18 U.S.C. § 3621(b) (noting that the BOP "shall designate the place of [a] prisoner's imprisonment"). Thus, pursuant to the CARES Act, *Bivens*, or the FTCA, courts cannot order the BOP to place a prisoner in home confinement. *Washington v. Warden Canaan USP*, 858 F. App'x 35, 36-37 (3d Cir. 2021) (the CARES Act); *Saunders*, 986 F.3d at 1078 (the CARES Act); *Solida v. McKelvey*, 820 F.3d 1090, 1093 (9th Cir. 2016) (noting that injunctive relief is not available pursuant to a *Bivens* claim); *Est. of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 863 (10th Cir. 2005) (noting that injunctive relief is not available pursuant to the FTCA).

Because Fleming clearly is seeking injunctive relief that a federal court cannot grant, the District Court should deny her motions for this second, independent reason.[3]

### III. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1.    **DENY** without prejudice Fleming's "Emergency Motion to Re-Urge TRO-Injunctive Relief." Doc. 60.

2.    **DENY** without prejudice Fleming's "Motion for Emergency Hearing for Temporary Restraining Order and/or Preliminary Injunction." Doc. 67.

3.    **DENY** as moot Fleming's "Motion for Permission to File More Than 25 Pages in Complaint," Doc. 60, in light of the undersigned's order directing service of Fleming's fifth amended complaint.

At Pensacola, Florida, this 12th day of May, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

---

[3] Between May 20, 2020 and November 22, 2021, Fleming filed several motions for compassionate release in the United States District Court for the Southern District of Texas, the court in which Fleming was convicted of the crimes for which she is now confined. *E.g.*, *United States v. Fleming*, No. 4:07-cr-513, Motion for Compassionate Release, Doc. 1201 (S.D. Tex. Feb. 26, 2021). Those motions were denied. *E.g.*, *Fleming*, No. 4:07-cr-513, Order, Doc. 1203 (S.D. Tex. Mar. 1, 2021).

## NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address all preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**