UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RHONDA FLEMING,

    Plaintiff,

v.   Case No. 4:20-cv-545-WS/MJF

UNITED STATES OF AMERICA and
WARDEN ERICA STRONG,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Rhonda Fleming filed a "Motion for Emergency Relief from Abuses by Defendant Warden Strong." Doc. 82. Defendants responded in opposition. Doc. 97. For the reasons set forth below, the District Court should deny Fleming's motion without prejudice.

### I. BACKGROUND

Fleming, an inmate formerly confined at Federal Correctional Institution Tallahassee ("FCI Tallahassee"),[1] proceeding *pro se*, is suing Defendants under *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA"). Doc. 61.

---

[1] On May 11, 2022, the BOP transferred Fleming. The BOP currently is confining Fleming at Federal Correctional Institution Dublin in Dublin, California. Doc. 107.

In the present motion, Fleming details the alleged conditions of "segregation" at FCI Tallahassee. 82. Fleming alleges that she was denied access to, among other things, her legal materials, the law library, visitation with family and friends, a telephone, and the delivery of mail. *Id.* at 1-9. She requests "emergency injunctive relief" in the form of an order that Defendant Strong place Fleming in the "F-Unit" and that the United States Attorney's Office "determine the appropriateness of [Fleming's] transfer to home confinement or FPC Marianna." *Id.* at 10.

## II. DISCUSSION

A preliminary injunction is an extraordinary remedy. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008); *Vital Pharms., Inc. v. Alfieri*, 23 F.4th 1282, 1291 (11th Cir. 2022). Indeed, the grant of a preliminary injunction is "the exception rather than the rule." *United States v. Lambert*, 695 F.2d 536, 539 (11th Cir. 1983). The chief function of preliminary injunctions "is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated." *Ne. Fla. Chapter of Ass'n of Gen. Contractors v. City of Jacksonville*, 896 F.2d 1283, 1284 (11th Cir. 1990); *see Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981); *All Care Nursing Serv. v. Bethesda Mem'l Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989).

To establish entitlement to a preliminary injunction, a movant must demonstrate:

1. a substantial likelihood of success on the merits of the underlying claim;

2. a substantial likelihood of suffering irreparable injury if the preliminary injunction is not granted;

3. that the threatened injury to the plaintiff outweighs any injury the nonmovant might suffer from the preliminary injunction; and

4. the preliminary injunction would not disserve the public interest.

*Winter*, 555 U.S. at 20; *Vital Pharms., Inc.*, 23 F.4th at 1290-91; *Swain v. Junior*, 958 F.3d 1081, 1088 (11th Cir. 2020). Failure to establish even one of the first two factors is fatal to a motion for a preliminary injunction. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam*)*; *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *All Care Nursing Serv., Inc.*, 887 F.2d at 1537.

Fleming fails to demonstrate a substantial likelihood of success on the merits of her FTCA and *Bivens* claims. Indeed, Fleming does not even discuss the merits of her underlying claims. Doc. 82.

The substantial likelihood of success generally is the most important factor courts consider when addressing a motion for a preliminary injunction. *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1232 (11th Cir. 2005). Courts have "described likelihood of success as the 'sine qua non' of preliminary injunctive relief." *Ryan v. U.S. Immigr. & Customs Enf't*, 974 F.3d 9, 18 (1st Cir. 2020). "If there is no substantial likelihood of success on the merits, no injunction may be issued." *In re Gateway Radiology Consultants, P.A.*, 983 F.3d 1239, 1254-55 (11th

Cir. 2020); *Bloedorn v. Grube*, 631 F.3d 1218, 1229 (11th Cir. 2011) (stating that if the moving party "is unable to show a substantial likelihood of success on the merits, we need not consider the other requirements"); *Pittman v. Cole*, 267 F.3d 1269, 1292 (11th Cir. 2001) ("[O]ur cases have uniformly required a finding of substantial likelihood of success on the merits before injunctive relief may be provided.").

Because Fleming fails to show—or even to attempt to show—that she likely would prevail on her underlying claims, the District Court should deny Fleming's motion for a preliminary injunction.[2]

### III. Conclusion

Because Fleming has not established entitlement to a preliminary injunction, the undersigned respectfully **RECOMMENDS** that the District Court **DENY** without prejudice Fleming's "Motion for Emergency Relief from Abuses by Defendant Warden Strong." Doc. 82.

At Pensacola, Florida, this 15th day of August, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

---

[2] Additionally, even assuming that Fleming's request that Defendant Strong transfer her to "F-Unit" is available relief, Fleming's request is moot in light of her transfer to Federal Correctional Institution Dublin. Doc. 107. A prisoner's transfer from a prison generally "moots any claim he might have for equitable relief arising out of the conditions of his confinement in that prison." *Scott v. District of Columbia*, 139 F.3d 940, 941 (D.C. Cir. 1998); *Davila v. Marshall*, 649 F. App'x 977, 979-80 (11th Cir. 2016); *Fleming v. Gutierrez*, 785 F.3d 442, 446 (10th Cir. 2015); *Pinson v. U.S. Dep't of Just.*, 177 F. Supp. 3d 474, 478 (D.D.C. 2016).

## NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address all preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**