UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RHONDA FLEMING,

    Plaintiff,

v.                                                Case No. 4:20-cv-545-WS/MJF

UNITED STATES OF AMERICA and
WARDEN ERICA STRONG,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff Rhonda Fleming filed an "Emergency Motion for Preliminary Injunction and Hearing." Doc. 83. Defendants responded in opposition. Doc. 97. For the reasons set forth below, the District Court should deny Fleming's motion without prejudice.

### I. BACKGROUND

Fleming, an inmate formerly confined at Federal Correctional Institution Tallahassee ("FCI Tallahassee"),[1] proceeding *pro se*, is suing Defendants under *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA"). Doc. 61.

---

[1] On May 11, 2022, the BOP transferred Fleming. The BOP currently is confining Fleming at Federal Correctional Institution Dublin. Doc. 107.

In the present motion, Fleming details the alleged conditions of "segregation" at FCI Tallahassee, alleges that she was denied fair process during a disciplinary hearing, and describes her alleged symptoms from exposure to mold and asbestos at FCI Tallahassee. Doc. 83 at 1-2; Doc. 90 at 11-15. Fleming requests the following injunctive relief:

- order Defendants to expunge "Incident Report No. 3609756" from her record "pending the results of the BOP – Internal Affairs investigation";

- order "proper and fair review" of her Pattern score;

- order that she be examined by a "lung specialist";

- order Defendants to transfer her to home confinement or, alternatively, Federal Prison Camp Marianna;

- authorize testing of "housing units A and D" for mold and asbestos before the housing units are renovated; and

- order that she have access to the law library, her legal documents, copying services, her email, and "video visitation."

Doc. 83 at 13-15.

## II. DISCUSSION

A preliminary injunction is an extraordinary remedy. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008); *Vital Pharms., Inc. v. Alfieri*, 23 F.4th 1282, 1291 (11th Cir. 2022). Indeed, the grant of a preliminary injunction is "the exception

rather than the rule." *United States v. Lambert*, 695 F.2d 536, 539 (11th Cir. 1983). The chief function of preliminary injunctions "is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated." *Ne. Fla. Chapter of Ass'n of Gen. Contractors v. City of Jacksonville*, 896 F.2d 1283, 1284 (11th Cir. 1990); *see Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981); *All Care Nursing Serv. v. Bethesda Mem'l Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989).

To establish entitlement to a preliminary injunction, a movant must demonstrate:

1. a substantial likelihood of success on the merits of the underlying claim;
2. a substantial likelihood of suffering irreparable injury if the preliminary injunction is not granted;
3. that the threatened injury to the plaintiff outweighs any injury the nonmovant might suffer from the preliminary injunction; and
4. the preliminary injunction would not disserve the public interest.

*Winter*, 555 U.S. at 20; *Vital Pharms., Inc.*, 23 F.4th at 1290-91; *Swain v. Junior*, 958 F.3d 1081, 1088 (11th Cir. 2020). Failure to establish even one of the first two factors is fatal to a motion for a preliminary injunction. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam*)*; *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *All Care Nursing Serv., Inc.*, 887 F.2d at 1537.

Fleming fails to demonstrate a substantial likelihood of success on the merits of her FTCA and *Bivens* claims. Indeed, Fleming does not even discuss the merits of her underlying claims. Doc. 83.

The substantial likelihood of success generally is the most important factor courts consider when addressing a motion for a preliminary injunction. *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1232 (11th Cir. 2005). Courts have "described likelihood of success as the 'sine qua non' of preliminary injunctive relief." *Ryan v. U.S. Immigr. & Customs Enf't*, 974 F.3d 9, 18 (1st Cir. 2020). "If there is no substantial likelihood of success on the merits, no injunction may be issued." *In re Gateway Radiology Consultants, P.A.*, 983 F.3d 1239, 1254-55 (11th Cir. 2020); *Bloedorn v. Grube*, 631 F.3d 1218, 1229 (11th Cir. 2011) (stating that if the moving party "is unable to show a substantial likelihood of success on the merits, we need not consider the other requirements"); *Pittman v. Cole*, 267 F.3d 1269, 1292 (11th Cir. 2001) ("[O]ur cases have uniformly required a finding of substantial likelihood of success on the merits before injunctive relief may be provided.").

Because Fleming fails to show—or even to attempt to show—that she likely would prevail on her underlying claims, the District Court should deny Fleming's motion.[2]

---

[2] Additionally, Fleming's requests for injunctive relief from Defendant Strong are moot in light of her transfer to Federal Correctional Institution Dublin. Doc. 107. A prisoner's transfer from a prison generally "moots any claim he might have for

### III. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court **DENY** without prejudice Fleming's "Emergency Motion for Preliminary Injunction and Hearing." Doc. 83.

At Pensacola, Florida, this 15th day of August, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address all preliminary matters and to make recommendations regarding dispositive matters.** ***See*** **N.D. Fla. Loc. R. 72.2;** ***see also*** **28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** ***See*** **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

---

equitable relief arising out of the conditions of his confinement in that prison." *Scott v. District of Columbia*, 139 F.3d 940, 941 (D.C. Cir. 1998); *Davila v. Marshall*, 649 F. App'x 977, 979-80 (11th Cir. 2016); *Fleming v. Gutierrez*, 785 F.3d 442, 446 (10th Cir. 2015); *Pinson v. U.S. Dep't of Just.*, 177 F. Supp. 3d 474, 478 (D.D.C. 2016).