UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

Sixth Amended
CIVIL RIGHTS COMPLAINT FORM FOR
PRO SE, PRISONER LITIGANTS IN ACTIONS UNDER
28 U.S.C. § 1331 or § 1346 or 42 U.S.C. § 1983

Rhonda Fleming,

Inmate ID Number: 20446-009

v.                                          Case No. 4:20-cv-545-WS/MJF

United States of America
Warden Erica Strong                    Jury Trial Requested?
                                        ☒ YES  ☐ NO


*(Write the full name of each
Defendant who is being sued. If the
names of all the Defendants cannot
fit in the space above, please write
"see attached" in the space and
attach an additional page with the
full list of names. Do not include
addresses here.)*

FILED USDC FLND TL
NOV 7 '22 AM10:57

NDFL Pro Se 14 (Rev 12/16) Civil Rights Complaint Prisoner
ClerkAdmin/Official/Forms

# I. PARTIES TO THIS COMPLAINT

A. Plaintiff

Plaintiff's Name: _Rhonda Fleming_   ID Number: _20446-009_

List all other names by which you have been known: _None_

Current Institution: _FCI - Tallahassee_

Address: _P O Box 5000_

_Tallahassee, FL 32314_

B. Defendant(s)

State the name of the Defendant, whether an individual, government agency, organization, or corporation. For individual Defendants, identify the person's official position or job title, and mailing address. Indicate the capacity in which the Defendant is being sued. Do this for *every* Defendant:

1. Defendant's Name: _United States of America_

Official Position: _government_

Employed at: _N|A_

Mailing Address: _c/o Dept of Justice_
_950 Pennsylvania Ave, NW_
_Washington, DC 20530_

☐ Sued in Individual Capacity      ☒ Sued in Official Capacity

2. Defendant's Name: _Warden Erica Strong_

Official Position: _Warden of FCI - Tallahassee_

Employed at: _Department of Justice_

Mailing Address: _501 Capital Circle, NE_

_Tallahassee, FL 32301_

☒ Sued in Individual Capacity          ☐ Sued in Official Capacity

3. Defendant's Name: _____

Official Position: _____

Employed at: _____

Mailing Address: _____

_____

☐ Sued in Individual Capacity          ☐ Sued in Official Capacity

*(Provide this information for all additional Defendants in this case by attaching additional pages, as needed.)*

## II. BASIS FOR JURISDICTION

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution" and federal law. Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain Constitutional rights.

NDFL Pro Se 14 (Rev 08/21) Civil Rights Complaint Prisoner
ClerkAdmin/Official/Forms

3

Are you bringing suit against (*check all that apply*):

X Federal Officials (*Bivens case*)        □ State/Local Officials (*§ 1983 case*)

## III. PRISONER STATUS

Indicate whether you are a prisoner, detainee, or in another confined status:

□ Pretrial Detainee            □ Civilly Committed Detainee

□ Convicted State Prisoner      X Convicted Federal Prisoner

□ Immigration Detainee          □ Other *(explain below)*:

_____

_____

## IV. STATEMENT OF FACTS

Provide a short and plain statement of the *facts* which show why you are entitled to relief. Describe how *each* Defendant was involved and what each person did, or did not do, in support of your claim. Identify when and where the events took place, and state how each Defendant caused you harm or violated federal law. Write each statement in short numbered paragraphs, limited as far as practicable to a single event or incident. ***Do not make legal argument, quote cases, cite to statutes, or reference a memorandum.*** You may make copies of the following page if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages

4

should be attached. *Facts not related to this same incident or issue must be*

*addressed in a separate civil rights complaint.*

See following pages

NDFL Pro Se 14 (Rev 12/16) Civil Rights Complaint Prisoner
ClerkAdmin/Official/Forms

5

TRULINCS 20446009 - FLEMING, RHONDA ANN - Unit: TAL-A-S

--------------------------------------------------------------------------------

FROM: 20446009
TO:
SUBJECT: STATEMENT OF FACTS

IV.  STATEMENT OF FACTS

A.  MOLD & ASBESTOS CLAIMS

1.  The Plaintiff was assigned to Housing Unit, A-South, in January 2019, and remains in this unit, which is an open dorm.

2.  The roof in this housing unit has been leaking for over 3 years.  The ceiling, walls, and windowsills are covered with Toxic mold and other toxins.  Asbestos is also present in the units.  The leaking roof, ceiling, and windowsills are causing the Plaintiff and other inmates to sleep in rainwater mixed with toxic substances.  The rainwater is black after it seeps through the roof and ceiling.  Rainwater comes directly under doors and through windowsills, dripping into beds and onto the walls and floors.  The Plaintiff and other inmates have no way of washing and/or drying their bedding after it rains.

3.  The Plaintiff filed tort claims, exhausted the administrative remedy process, and contacted the Environmental Protection Agency about the toxic mold and asbestos.  The Plaintiff discussed the mold problems wit Defendant Strong when she inspected the housing unit, with Health Services, Safety Supervisor, and the Facilities Supervisor, for years.  The mold and asbestos was never removed.

4.  The Facilities Supervisor, Mr. Cox, told the Plaintiff that contractors had repaired the roof.  He di not tell her who the contractors were or when the repairs were completed.  However, at the present, the roof and windowsills continue to leak, creating more toxic mold which is easily visible to the human eye.

5.  The Plaintiff has suffered daily headaches, nausea, runny nose, upset stomach, muscle pain, hair loss, extreme sudden weight gain, irritated eyes, memory loss, persistent coughing, and has contracted the COVID-19 virus twice, requiring almost 2 weeks of hospitalization in September/October 2021.  The physician at the hospital stated to the Plaintiff that her respiratory system was already in extreme distress due to the extended exposure to toxic mold.

6.  COVID-19 virus is worsened by exposure to mold and the Center for Disease Prevention has cited a specific illness, Invasive Mold Infection/COVID-19, where patients contract the virus, but have already been suffering with mold illness, as has the Plaintiff for over 2 years.

B.  COVID-19, OVERCROWDING AND THE DENIAL OF THE ABILITY TO SOCIALLY DISTANCE

7.  The Plaintiff arrived at FCI-Tallahassee,in October 2018, and was assigned to Housing Unit, B-North.

8.  In B-North, 4 inmates are assigned to a cubicle, in an open dorm.  Inmates assigned to the top bunk, sleep within 2 or 3 inches from the inmate in the next top bunk, and head-to-head with inmates in other bunks, exposing the inmates to 2

6

TRULINCS 20446009 - FLEMING, RHONDA ANN - Unit: TAL-A-S

-----------------------------------------------------------------------------------------------------

inmates at a time, when sleeping. There is no barrier separating inmates on top bunks.

9. Within 1 or 2 days of being assigned to this top bunk, the Plaintiff became ill with flue like symp0toms. The inmate that was on the top bunk next to the Plaintiff was already sick and had been denied medical care. She was told to take medication sold at the prison commissary, although she was very ill, and should have been quarantined because it was flu season.

10. The Plaintiff filed grievances on this matter, however, the conditions have remained the same throughout the pandemic. The Plaintiff was called in to speak to the Unit Manager, Mr. Bryant. The Plaintiff told Mr. Bryant that the illness was caused by sleeping with an inmate and that it was very uncomfortable, bordering on a PREA violation, because inmates were essentially sleeping in the same bed with another inmate and head-to-head with a second inmate. Mr. Bryant, in a nice way, stated, "I was in the Navy and we slept a lot tighter." The Plaintiff responded, "Sir, this is not the Navy and I did not sign up for this prison. It is improper to have inmates sleeping this close to each other, in fact, I would say it is immoral. About 20% of the inmates in here are gay and I think this is a PREA violation to force inmates to be this close. It is also dangerous for spreading infectious diseases." Mr. Bryant asked what did the Plaintiff want him to do. The Plaintiff stated that the top bunks needed to be removed. Mr. Bryant laughed an stated he was retiring.

11. The top bunks with inmates sleeping right next to each other and head-to-head, remain. 80% of the inmates have contracted the virus, at least once, vaccinated and unvaccinated due to overcrowding and the denial of the right to social distancing. When the pandemic started, because inmates were in overcrowded dorms, and denied the ability to social distance, the Plaintiff contracted the virus, the first time, from inmate Heather Yarber, an inmate assigned to the Plaintiff's cubicle.

12. Yarber, the Plaintiff and other inmates in the prison were denied medical care in February and March 2020. The Plaintiff was lefty to suffer without any care for over 2 weeks. The Plaintiff had a severe headache, body chills, nasal congestion, shortness of breach, fever, and persistent coughing.

13. The Plaintiff filed an administrative remedy about the overcrowding and denial of space to socially distance, in 2020, which the warden, regional director, and Central Office in Washington, DC denied.

14. In August/September 2021, three officers in Food Service contracted the virus. Defendant Warden Strong did not quarantine the other officers or the inmates that worked closely with these officers.

15. In September 2021, one of the inmates that worked in Food Service and had close contact with the officers that contracted the virus, become severely ill with the virus. The lieutenant and Health Services staff went to Defendant Strong to quarantine the inmates that were Food Service workers. Defendant Strong refused.

7

TRULINCS 20446009 - FLEMING, RHONDA ANN - Unit: TAL-A-S

------------------------------------------------------------------------------------

16. Around September 15, 2021, the Plaintiff emailed Defendant Strong, afraid of contracting the virus after Health Service employees told the Plaintiff that that Warden Strong was refusing to quarantine the employees in Food Service and the inmate workers. Defendant Strong did not reply.

17. The Plaintiff contracted the virus and was hospitalized for almost 2 weeks, close to death. Inmates that were vaccinated and unvaccinated contracted the virus. In fact, the entire housing unit had to be removed from A-South because over 50 inmates were sick. Joneka Treece, who like the Plaintiff did not work in Food Service, contracted the virus from Food Service workers, and died October 15, 2021. Ms. Treece suffered from exposure to the mold and the virus, although she was a young woman.

18. After the Plaintiff returned from the hospital, she and other inmates were placed back in A-South, where the Plaintiff and others suffer with long covid. The Plaintiff is unable to fully recover from the virus because she is again exposed 24 hours a day to toxic mold, living in fear of dying.

19. Defendant Warden continues to refuse to reduce the inmate population or transfer the Plaintiff to home confinement.

C. STAFF FAILURE TO PROTECT AND COMPLY WITH FBOP CONTROLLED MOVEMENT RULES CAUSING THE PLAINTIFF TO BE

ASSAULTED AND SUFFER SERIOUS PERMANENT INJURIES

20. On October 29, 2019, The Plaintiff was assaulted by inmate Maria Cruz Tamez. This incident occurred to do the failure of 3 correctional staff members to secure their post, as is the rule for the FBOP.

21. During the 7:00pm controlled movement on October 29, 2019, Inmate Cruz was instructed to leave the Education Building, by Ms. Pinervirgio, a teacher. Ms. Pinervirgio was alone in the Education Building, no other staff was present. The inmate was improperly dressed and had contraband requiring her removal from this area.

22. The controlled movement is 10 minutes. The order was given over the radio that the movement was closed and to secure the doors and gates of each officers post. This was at 7:10pm. However, Cruz was allowed to re-enter the Education Building because her housing unit officer failed to secure the door, the gate leading to the Education Building was not locked, and the Education Building was not locked/secured.

23. As Inmate Cruz assaulted the Plaintiff, other inmates went to get help. Ms. Pinervirgio came, but did not have her radio, which allowed the inmate to assault the Plaintiff for a second time, when Ms. Pinervirgio went to find her radio to call for help.

24. The Plaintiff sustained numerous head, neck, and wrist injuries, with permanent scarring on her right wrist, and nerve damage in her back.

8

## V. STATEMENT OF CLAIMS

State what rights under the Constitution, laws, or treaties of the United States have been violated. Be specific. If more than one claim is asserted, number each separate claim and relate it to the facts alleged in Section IV. If more than one Defendant is named, indicate which claim is presented against which Defendant.

See attached pages

## VI. RELIEF REQUESTED

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/ statutes. If requesting money damages *(either actual or punitive damages)*, include the amount sought and explain the basis for the claims.

See attached pages

TRULINCS 20446009 - FLEMING, RHONDA ANN - Unit: TAL-A-S

---------------------------------------------------------------------------------------

FROM: 20446009
TO:
SUBJECT: STATEMENT OF CLAIMS


V. STATEMENT OF CLAIMS/CAUSES OF ACTION

25. Paragraphs 1-24 are incorporated in this Section and applicable to all claims/causes of action.

A. DEFENDANT UNITED STATES OF AMERICA (USA) is liable pursuant to Federal Tort Claim Act, State Law Negligence & Premises Liability, Mold & Asbestos Claims, Denial of Social Distancing due to Negligent Overcrowding Claims, and Failure to Protect from Assault Claim.

(1) MOLD & ASBESTOS CLAIMS

26. Defendant USA was negligent through its employees failure to implement government safety regulations regarding toxic

mold that was allowed to colonize, asbestos, and other toxic substances which were not remediated from housing units.

27. Defendant USA caused the Plaintiff to be exposed to toxic mold, asbestos, and other toxic substances for over 2 years because its employees were negligent in following through with safety procedures to control the accumulation of toxic mold, asbestos, and other toxic substances. There is a failure to maintain a safe housing environment at FCI-Tallahassee.

28. Defendant USA's employees ignored indication of the dangerous condition of the housing units and intentionally or recklessly or both, permitted the Plaintiff to breathe toxic substances, in spite of health hazards that were apparent, which the government knew or should have known about.

29. The Plaintiff raises a claim pursuant to the Federal Tort Claim Act (FTCA) and the discretionary function exception is not applicable where the Defendants cannot escape liability for negligent maintenance of their property, while housing the Plaintiff in an overcrowded housing unit, forcing her to inhale toxic substances 24 hours a day for over 2 years, during a pandemic.

30. Defendant USA's employees failed to maintain a safe prison as is their statutory and constitutional duty.

31. The Plaintiff is entitled to relief because Defendant USA's employees violated Florida state law on negligence and premises liability. Defendant USA has a duty to provide safe housing for federal prisoners. Defendant USA failed to remove

toxic mold, asbestos, and other dangerous substances. The Defendant failed to repair leaking roofs, windows, and doors, which caused the toxic mold to colonize in the housing units. Due to this failure, the Plaintiff suffered numerous long term

and permanent injuries to include, but not limited to: contracting COVID-19 virus, twice, long covid, hair loss, weight

10

TRULINCS 20446009 - FLEMING, RHONDA ANN - Unit: TAL-A-S
--------------------------------------------------------------------------------------------

gain, memory loss, persistent headaches, muscle pain, joint pain, compromised immune system, persistent coughing, runny nose, stomachaches, and all over body pain.

(2) COVID-19, NEGLIGENT OVERCROWDING AND DENIAL OF SOCIAL DISTANCING

32. Defendant USA's employees were negligent under Florida state law in the implementation of safe housing standards by allowing the Plaintiff and other inmates before, during, and in with the pandemic continuing, to sleep in virtually the same bed, with a distance of 2 or 3 inches apart.

33. Defendant USA's employees refuse to allow the Plaintiff and other inmates to have space for social distancing within the housing units. The Plaintiff is housed in an area with over 80 inmates for most of the pandemic, where there should be no more than 40 inmates, to allow for social distancing, which is the only way to 100% prevent the spreading of the virus.

34. Defendant USA failed to properly space the Plaintiff a reasonable distance from other inmates from 2018 to the present, causing her to become ill in December 2018, with the flu, again in February/March 2020 with the virus, and again, in September 2021, with the virus, requiring her to be hospitalized, almost dying, where another inmate in the same housing unit did lose her life.

35. Defendant USA is liable for damages, pursuant to Florida law and the FTCA, due to its employees failure to ensure the Plaintiff had adequate space for social distancing. The failure to implement and enforce safety policies to reduce the inmate population was negligent and/or intentional conduct, which caused the aforementioned injuries to the Plaintiff.

36. Defendant USA's employees failed to transfer the Plaintiff to home confinement where the likelihood of her contracting the virus in a home with one other person, that is vaccinated, is unlikely. The employees failed to properly transfer inmates over fifty years of age, non-violent, with comorbidties cited by the CDC, such as obesity, diabetes, and compromised immune system. The Plaintiff fits this category of inmates that required transfer to home confinement to protect their health. This was denial of preventive medical care,

37. Defendant USA's employees had a duty to provide safe housing during a period where a deadly infectious disease, may it be the flu or COVID-19 virus, was spreading throughout the world, as well as the prison system. Damages are due to violation of Florida state law on premises liability, and failure to provide preventive care,

(3) NEGLIGENT FAILURE TO PROTECT

38. Defendant USA's employees failed to protect the Plaintiff by implement and enforcing polices under General Post Rules during controlled movements requiring all doors and gates to be securely locked.

11

TRULINCS 20446009 - FLEMING, RHONDA ANN - Unit: TAL-A-S
--------------------------------------------------------------------------------

39. Because Defendant USA's employees failed to secure their post and were negligent in this common duty of locking doors and gates, and maintaining a radio on their body, this allowed an inmate to get through two doors and a gate, that were unsecured.

40. The Plaintiff suffered numerous injuries and is permanently scarred on her neck and wrist. The Plaintiff continues to suffer neck and back pain due to the assault.

41. The Plaintiff is entitled to damages because Florida state law on negligence and premises liability were violated, thus allowing for damages pursuant to the FTCA.

B. DEFENDANT WARDEN ERICA STRONG ( Defendant Warden) IS VIOLATING THE PLAINTIFF'S EIGHTH AMENDMENT RIGHT TO ADEQUATE/PREVENTIVE MEDICAL CARE AND BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT AND FIRST AMENDMENT RETALIATION

42. Defendant Warden was deliberately indifferent to the safety needs of the Plaintiff before, during, and in the present continuing pandemic, by housing the Plaintiff in an open dorm, with the following unconstitutional prison conditions:

   a. Leaking roof which caused toxic mold to colonize and causing the Plaintiff to sleep in a wet bed;

   b. Ceiling, windowsills, and doors with visible toxic mold;

   c. Over 80 inmates in A-South Housing Unit, denying the Plaintiff the ability to socially distance;

   d. Lack of proper sanitation and ventilation, as well as exposure to asbestos; d

   e. Food Service building full of toxic mold, denying the Plaintiff a safe place to eat.

43. The conditions listed above are and continue to be visible to Defendant Warden. The conditions are exactly the same as they were in 2018-2020, after the Plaintiff filed grievances and tort claims. Even after the death of Ms. Joneka Treece, Defendant Warden returned the Plaintiff to the same housing unit with toxic mold and asbestos, conditions which worsened the symptoms of all inmates and officers that contracted the virus. Defendant Warden is deliberately indifferent to protecting the Plaintiff, inmates, and her staff from serious unconstitutional conditions, which have caused loss of life and serious damage to the Plaintiff's future health. The Plaintiff has long covid, lung disease, and lives in fear of cancer from asbestos exposure.

44. Defendant Warden has seen the mold and been informed of the serious health problems caused by mold and asbestos.

No action has been taken to remove the Plaintiff from these unconstitutional conditions, even after she was hospitalized with the virus with symptoms worsened by inhaling toxic mold and asbestos for over 2 years.

45. The former Attorney General gave Defendant Warden the ability to reduce the inmate population by sending non-violent

12

TRULINCS 20446009 - FLEMING, RHONDA ANN - Unit: TAL-A-S
--------------------------------------------------------------------------------

and constitutional duty to provide a safe environment. The Plaintiff is suffering physical and psychological harm which the Defendants refuse to rectify. The Plaintiff remains in a federal prison with mold/asbestos contamination, FCI- Dublin, The continuing tort doctrine is applicable to the case.

53. The combination of overcrowding and mold/asbestos contamination caused the Plaintiff's physical and emotional injuries,

14

ATTENTION: *The Prison Litigation Reform Act ("PLRA") does not permit awards for punitive or compensatory damages "for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act . . . ." 42 U.S.C. § 1997e(e).*

## VII.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

The PLRA requires that prisoners exhaust all available administrative remedies *(grievance procedures)* before bringing a case. 42 U.S.C. § 1997e(a). ATTENTION: *If you did not exhaust available remedies prior to filing this case, this case may be dismissed.*

## VIII.  PRIOR LITIGATION

ATTENTION: *The "three strikes rule" of the PLRA bars a prisoner from bringing a case without full payment of the filing fee at the time of case initiation if the prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).*

NDFL Pro Se 14 (Rev 12/16) Civil Rights Complaint Prisoner
ClerkAdmin-Official Forms

15

A. To the best of your knowledge, have you had any case dismissed for a reason listed in § 1915(g) which counts as a "strike"?

☒ YES  ☐ NO

If you answered yes, identify the case number, date of dismissal and court:

Date: 4/14/2000  Case #: Fleming v. Ratliff No. 6:97-405
Court: W. D. Texas

2. Date: 1/20/2000  Case #: 6:97-409
Court: W. D. Texas

3. Date: 10/18/2000  Case #: 00-50318
Court: 5th Circuit Court of Appeals

*(If necessary, list additional cases on an attached page)*

B. Have you filed other lawsuits in either *state or federal court* dealing with the same facts or issue involved in this case?

☐ YES  ☒ NO

If you answered yes, identify the case number, parties, date filed, result *(if not still pending)*, name of judge, and court for each case *(if more than one)*:

1. Case #:_____ Parties: _____

NDFL Pro Se 14 (Rev 12/16) Civil Rights Complaint Prisoner
ClerkAdmin/Official/Forms

16

TRULINCS 20446009 - FLEMING, RHONDA ANN - Unit: TAL-A-S

--------------------------------------------------------------------------------

FROM: 20446009
TO:
SUBJECT: SECTION FOR CASES APPEALED

Date: 8/24/2000 Case#: 00-60056

5th Circuit COA

17

Court:_____Judge: _____

Date Filed:_____Dismissal Date *(if not pending)*: _____

Reason: _____

2.  Case #:_____Parties: _____

Court:_____Judge: _____

Date Filed:_____Dismissal Date *(if not pending)*: _____

Reason: _____

C.  Have you filed any other lawsuit in federal court either challenging your

conviction or otherwise relati... ... the conditions of your confinement?

☒ YES  ☐ NO

If you answered yes, identify all lawsuits:

1.  Case #: 09-20877 Parties: King Arthur, Bose Ebhamen
    Court: 5th Circuit Judge: Smith, De Mess, & Owen
    Date Filed: 2010 Dismissal Date *(if not pending)*: 7/15/2011
    Reason: appeal denied

2.  Case #: 11-20786 Parties: USA
    Court: 5th Circuit Judge: Jones, Dennis, + Haynes
    Date Filed: 2013 Dismissal Date *(if not pending)*: N/A
    Reason: remanded

3.  Case #: H-07-0513 Parties: USA

NDFL Pro Se 14 (Rev 12/16) Civil Rights Complaint Prisoner
ClerkAdmin/Official/Forms

18

Court: _S.D. Texas_ Judge: _Gray H. Miller_

Date Filed: _2012_ Dismissal Date *(if not pending)*: _4/7/2014_

Reason: _Section 2255 denied_

4. Case #: _H-09-2763_ Parties: _GEO Group, et al._

Court: _SD Texas_ Judge: _Lee H. Rosenthal_

Date Filed: _2009_ Dismissal Date *(if not pending)*: _4/12/10_

Reason: _Three-strikes provisions_

5. Case #: _H-05-718_ Parties: _USA_

Court: _S D Texas_ Judge: _Melinda Harmon_

Date Filed: _2010_ Dismissal Date *(if not pending)*: _8/3/10_

Reason: _denied on merits_

6. Case #: _7:17cv009_ Parties: _USA_

Court: _N D Texas_ Judge: _Reed O'Connor_

Date Filed: _2016_ Dismissal Date *(if not pending)*: _1/11/2018_

Reason: _transferred - new case_

*(Attach additional pages as necessary to list all cases. Failure to*

*disclose all prior cases may result in the dismissal of this case.)*

See additional pages

## IX. CERTIFICATION

I declare under penalty of perjury that the foregoing (including all

continuation pages) is true and correct. Additionally, as required by Federal

NDFL Pro Se 14 (Rev 12/16) Civil Rights Complaint Prisoner
ClerkAdmin/Official/Forms

19

TRULINCS 20446009 - FLEMING, RHONDA ANN - Unit: TAL-A-S

------------------------------------------------------------------------------------------------------------

FROM: 20446009
TO:
SUBJECT: CASES FILED
DATE: 11/20/2021 10:38:08 AM

Case #: 4:16cv1042Y Parties: Warden, USA

Court: N.D. Texas Judge: Means

Date filed: 2016 Dismissal Date: 1/19/18

Reason: lack of jurisdiction

Case#: h_17-3295 Parties: Warden , USa

Court: S.D. Texas Judge: Miller

Date Filed 2017 Dismissal Date: 4/10/2018

Reason: want of jurisdiction

Case:_____ Parties: _____

court: N. D. Texas Judge: O'Connor

Date Filed 2016 Dismissal Date: 12/27/2017

Reason: Denied on merits

Case#:4:16cv474 Parties: Warden, USA

court: N.D. Texas Judge: O'Connor

Date filed 2016 Dismissal Date: 6/16/2016

Reason: lack of jurisdiction

Case#: Wo7cv415 Parties: Warden, State of Texas

Court: W.D. Texas Judge: Unknown

Date Filed 1997 Dismissal Date: 1998

Reason: Did not pay filing fee; IFP denied

Case#: 00-50078 Parties: Warden, State of Texas

Court: 5th Circuit Judge: Smith, Barksdale, & Benavides

Date filed: 1999 Dismissal Date: 10/18/2000

Reason: IFP Denied

Case#: 18-10116 Parties: Warden, USA

Court: 5th Circuit Judge. Southwick, Haynes, & Ho

Date filed 2018 Dismissal Date: 12/19/18

20

TRULINCS 20446009 - FLEMING, RHONDA ANN - Unit: TAL-A-S

------------------------------------------------------------------------------------------

Reason: Dismissed as frivolous

Case#: 4:14cv00300MW  Parties: Warden

Court: N.D. Florida Judge: Walker

Date Filed: 2014 Dismissal Date: 3/24/15

Reason: lack of jurisdiction

Case#: 15-11471  Parties: Warden

Court: 11th Circuit Judge: Tjoflat, Marcus, & Pryor

Dated Filed:2015 Dismissal Date: 11/18/15

Reason: Denial of COA

Case#: 13-10042  Parties Geo Group, USA, etal.

Court: 5th Circuit  Judge: Higginbotham, Owen, & Southwick

Date Filed: 2013 Dismissal date: 8/7/2013

Reason: Case Affirmed

Case#: 7:18-cv-004 Parties:  Warden, USA

Court: N.D. Texas  Judge: O'Connor

Date Filed:  2018  Dismissal Date:  5/27/21

Reason:  Failure to state a claim

Case#:  4:20cv212  Parties Warden

Court: N.D. Florida  Dismissal Date: 2/15/21

Date filed:  2020 Dismissal Date: 2/15/21

Reason:  Denied on merits

Case#: 5:18cv0004FPS  Parties: Warden

Court: N.S. W.Va. Judge:  Stamp

Date filed:  2018 Dismissal Date:  12/26/18

Reason:  Denied on Merits

Case#:  19cv2713  Parties USA, DOJ

Court:  D. Minn. Judge: Nelson

Date filed:  2018  Dismissal Date 3/26/20

Reason:  Barred IFP, dismissed w/o prejudice

Case#: 16cv3116  Parties: USA, Lt. Riehm

21

TRULINCS 20446009 - FLEMING, RHONDA ANN - Unit: TAL-A-S

--------------------------------------------------------------------------------

Court: D. Minn.  Judge Schiltz

Date filed 2016  Dismissal Date:  12/9/2016

Reason:  Denial of IFP

Case#: 1:15cv01135  Parties:  Medicare, AUSA Balboni, et al.

Court: DC  Judge: Sullivan

Date filed:  2015  Dismissal Date:  pending

22

TRULINCS 20446009 - FLEMING, RHONDA ANN - Unit: TAL-A-S

--------------------------------------------------------------------------------

FROM: 20446009
TO:
SUBJECT: RELIEF REQUESTED
DATE: 11/20/2021 10:52:39 AM

IV.  RELIEF REQUESTED

53.  Professional removal of toxic mold, asbestos, and other chemical in the housing units;

54.  Declaration that the present conditions at FCI-Tallahassee are unconstitutional;

55.  Injunctive relief removing the Plaintiff from FCI-Dublin to home confinement;

56.  Injunctive relief ordering the Defendants to pay the cost of the Plaintiff's long term medical care;

57.  Permanent injunctive relief reducing the inmate population at FCI-Tallahassee, specifically removing top bunks that place inmates within inches of each other;

58.  Compensatory, punitive, and nominal damages, as determined by a jury, in excess of $75,000, as well as attorney fees and costs; and,

59.  Any relief the Court deems necessary.

23

Rule of Civil Procedure 11, I certify that to the best of my knowledge, information, and belief, this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to timely notify the Clerk's Office if there is any change to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date: 10/16/22 Plaintiff's Signature: _____

Printed Name of Plaintiff: Rhonda Fleming

Correctional Institution: FCI-Tallahassee

Address: PO Box 5000

Tallahassee, FL 32314

**I certify and declare, under penalty of perjury, that this complaint was**

**(check one)** ☐ delivered to prison officials for mailing or ☒ deposited in

NDFL Pro Se 14 (Rev 12/16) Civil Rights Complaint Prisoner
ClerkAdmin/Official/Forms

24

⬦20446-009⬦
U S District Clerk
U.S. Courthouse
111 N Adams ST
Tallahassee, FL 32301
United States

Legal Mail

FCI DUBLIN
LEGAL/SPECIAL MAIL RECEIVED
DATE / TIME: 10/31/22 6:30

Federal Correctional
5701 8th Institution
Dublin, CA 94568

09

Institution



OAKLAND CA 946

MON 31 OCT 2022 PM

⟷20446-009⟷
U S District Clerk
U.S. Courthhouse
111 N Adams ST
Tallahassee, FL 32301
United States