## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

RHONDA FLEMING,

     Plaintiff,

v.                                            Case No. 4:20-cv-545-WS/MJF

UNITED STATES OF AMERICA and
WARDEN ERICA STRONG,

     Defendants.

_____/

### ORDER SETTING SETTLEMENT CONFERENCE

Plaintiff has filed a motion for a settlement conference to be held before December 25, 2022. Doc. 165. Defendants oppose Plaintiff's motion only to the extent that the settlement conference not be held before December 25, 2022. Doc. 166. Given the parties' agreement, there is good cause for this court to conduct a settlement conference. This court agrees with Defendants, however, that the settlement conference will be more productive once the parties have conducted additional discovery, and it would be nearly impossible to conduct a meaningful settlement conference in the three business days remaining in this week.

Accordingly, it is **ORDERED** that Plaintiff's motion for a settlement conference, Doc. 165, is **GRANTED IN PART** and **DENIED IN PART**. The conference will be held on **March 16, 2023, at 11:00 a.m., central time**. The

conference will be conducted telephonically to the extent that the parties are not required to attend "in person" at the courthouse. The conference will conclude <u>no later than</u> the close of business on March 16, 2023.

**Required Participants.** Each party must be represented by the following required participants: (1) counsel of record as of the date of this order, if any, who is/are familiar with the case; (2) the party and/or decisionmaker of the party, who must have full authority to act on behalf of the party, including the authority to negotiate a resolution of the matter and to respond to developments during the settlement process; and (3) if the party is insured, a representative with full authority to make settlement decisions.[1]

**"Full Authority" Defined.** "Full authority" means that those participating on behalf of a party should be able to make independent decisions and have a knowledge or an understanding of the dispute in order to generate and consider solutions and/or to be able to address the negotiation dynamics in settlement. It is not just settlement authority to make an offer or to accept an amount. These requirements are intended to increase the efficiency and effectiveness of the

---

[1] Failure to comply with the attendance provisions of this order may result in an award of costs and/or attorney's fees incurred by the other party in connection with the conference or the imposition of other appropriate sanctions.

settlement conference by reducing the time for communication of offers, expanding the ability to explore options for settlement, and facilitating settlement.

**Mandatory Discussions Prior to the Settlement Conference.** Settlement conferences often are unproductive unless the parties have exchanged demands and offers before the conference and made a serious effort to settle the case on their own. Therefore, **before the settlement conference, the parties shall negotiate and make a good-faith effort to settle the case without the involvement of the court**. At a minimum, specific proposals and counterproposals shall be exchanged before the conference, even if such proposals were exchanged previously.

**Communication with the Court if Settlement Is Reached.** If the parties should arrive at a settlement before the settlement conference, the parties shall immediately communicate this to the court by filing a joint notice of settlement.

**Confidential Settlement Statements. On or before March 2, 2023**, each party shall provide to the office of the undersigned a confidential settlement statement.[2] The parties **SHALL NOT** file the confidential settlement statements with the clerk of the court or serve it upon opposing counsel, as <u>the statements will</u>

---

[2] Each party may email its respective confidential settlement statement to Brian_Ettari@flnd.uscourts.gov. The confidential settlement statement also may be mailed or hand-delivered to "Judge Frank's Chambers, One North Palafox Street, Pensacola, FL 32502-5665." If mailed or hand-delivered, please write on the outside of the envelope and on the top of the confidential settlement statement: "**Confidential Settlement Statement – Do Not File.**"

not become a part of the file of this case and will be for the exclusive use of the

undersigned in preparing for and conducting the conference.

**Contents of the Confidential Settlement Statements**. Each confidential

settlement statement shall contain:

(1)     a brief description of all remaining claims and the law and defenses

applicable thereto;

(2)     a concise recitation of the facts and evidence the party (or parties)

expects to present at trial, including evidence that supports any claim

for damages;

(3)     a brief description of the relief that may be afforded to the prevailing

party (or parties) at trial (*e.g.*, the nature and extent of damages,

entitlement to attorney's fees);

(4)     an estimate of attorney's fees, if any, and costs of litigation to date and

through trial;

(5)     an outline of settlement negotiations to date, including the most recent

proposals and counterproposals; and

(6)     a statement regarding whether any settlement terms are believed to be

"nonnegotiable" and, if so, a description of those terms.

The confidential settlement statements should not be lengthy, but they should contain enough information to be useful to the undersigned in analyzing the factual and legal issues in the case.

**Confidentiality of the Settlement Conference.** The settlement conference will be conducted in such a manner as not to prejudice any party in the event settlement is not reached. To that end, all matters communicated to the undersigned in confidence before or during the conference will be kept confidential and will not be disclosed to any other party (without consent) or to the District Judge assigned to this case. Furthermore, after the settlement conference, the undersigned will have no further involvement with this case.

**Structure of the Settlement Conference.** At the conference, separate confidential, telephonic caucuses will be held with Plaintiff and lead counsel for Defendant. To that end, **lead counsel for Defendants is responsible for coordinating with the Federal Bureau of Prisons to ensure Plaintiff's meaningful and uninterrupted participation in the settlement conference**.

The conference will end when settlement is reached or when the undersigned concludes that further negotiation would be unlikely to result in settlement.

**Preparation for the Settlement Conference.** To make the best use of the time allotted, prior to the conference counsel, if any, should consider and, if appropriate, discuss with counsel's client the following issues or events that may

arise during the separate caucuses: (1) the undersigned might address the client personally; (2) the undersigned might ask counsel to assess the weaknesses/strengths of the claims and defenses; and (3) the undersigned might ask counsel to discuss whether attorney's fees or other expenses are affecting settlement and, if so, whether this has been communicated to the opposing party.

    **SO ORDERED** this <u>20th</u> day of December, 2022.

                                        /s/ *Michael J. Frank*
                                        **Michael J. Frank**
                                        **United States Magistrate Judge**