UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RHONDA FLEMING,

    Plaintiff,

v.       Case No. 4:20-cv-545-WS/MJF

UNITED STATES OF AMERICA and
WARDEN ERICA STRONG,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff Rhonda Fleming has filed a two-page motion for a preliminary injunction. Doc. 162. Defendants have not filed a response in opposition, despite being afforded an opportunity to do so. For the reasons set forth below, the District Court should deny Fleming's motion.

### I. BACKGROUND

Fleming, an inmate formerly confined at Federal Correctional Institution ("FCI") Tallahassee proceeding *pro se*, is suing Defendants under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA"). Doc. 61. On May 11, 2022, the Bureau of Prisons ("BOP") transferred Fleming to FCI Dublin in Dublin, California. Doc. 107.

Fleming's present motion mirrors many of Fleming's previous motions for preliminary injunctive relief. *See* Docs. 82, 83, 117, 129, 146. Fleming contends that the District Court should enter a preliminary injunction that would require Defendants (1) to transfer her to "a mold/asbestos free place of confinement, without retaliation, to include home confinement"; and (2) to provide "adequate funding" for Fleming's "medical services and other expenses." Doc. 162 at 2. Fleming asserts that this relief is necessary because she must be removed from the alleged "mold/asbestos contamination" at FCI Dublin given her unspecified "lung disease."

## II. Discussion

A preliminary injunction is an "extraordinary remedy." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008); *Bloedorn v. Grube*, 631 F.3d 1218, 1229 (11th Cir. 2011). Indeed, the grant of a preliminary injunction is "the exception rather than the rule." *United States v. Lambert*, 695 F.2d 536, 539 (11th Cir. 1983). The chief function of preliminary injunctions "is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated." *Ne. Fla. Chapter of Ass'n of Gen. Contractors v. City of Jacksonville*, 896 F.2d 1283, 1284 (11th Cir. 1990); *see Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981) (noting that a preliminary injunction's purpose "is merely to preserve the relative positions of the parties until a trial on the merits can be held").

To establish entitlement to a preliminary injunction, a movant must demonstrate:

1. a substantial likelihood of success on the merits of the underlying claim;

2. a substantial likelihood of suffering irreparable injury if the preliminary injunction is not granted;

3. that the threatened injury to the plaintiff outweighs any injury the nonmovant might suffer from the injunction; and

4. the injunction would not disserve the public interest.

*Winter*, 555 U.S. at 20; *Vital Pharms., Inc. v. Alfieri*, 23 F.4th 1282, 1290–91 (11th Cir. 2022); *In re Gateway Radiology Consultants, P.A.*, 983 F.3d 1239, 1254–55 (11th Cir. 2020); *Swain v. Junior*, 958 F.3d 1081, 1088 (11th Cir. 2020). Failure to establish even one of the first two factors is fatal to a preliminary-injunction motion. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam*)*; *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *All Care Nursing Serv., Inc.*, 887 F.2d at 1537.

**A.**     **Fleming's Requested Injunctive Relief Is Unrelated to Her Complaint**

Before addressing the above elements, however, a court must ensure that the request for injunctive relief relates to the conduct underlying the plaintiff's complaint. *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) (holding that there must be a "sufficient nexus between the claims

raised in the motion for injunctive relief and the claims set forth in the underlying complaint itself); *Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997) ("A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit."); *see Souresrafil v. Carvajal*, No. 2:22-cv-210-JPH-MG, 2022 WL 4234944, at *1 (S.D. Ind. Sept. 13, 2022) (denying a motion for a preliminary injunction because the requested relief—access to medical care while in segregation—did not relate to the claims in the complaint, which addressed conduct that predated the plaintiff's placement in segregation). Additionally, a prisoner's transfer from a prison generally moots any claim for injunctive relief related to that prison. *Ford v. Bender*, 768 F.3d 15, 29 (1st Cir. 2014); *Sutton v. Rasheed*, 323 F.3d 236, 248 (3d Cir. 2003); *Gibbs v. N.H. Dep't of Corr. Comm'r Helen Hanks*, 561 F. Supp. 3d 139, 147 (D.N.H. 2021).

As noted above, Fleming contends that the District Court should enter a preliminary injunction that would require Defendants (1) to transfer her to "a mold/asbestos free place of confinement, without retaliation, to include home confinement"; and (2) to provide "adequate funding" for Fleming's "medical services and other expenses." Doc. 162 at 2. Neither request, however, relates to the claims underlying Fleming's fifth amended complaint. Fleming's fifth amended complaint revolves around prison conditions, medical treatment, and correctional-

officer conduct at FCI Tallahassee. Doc. 61. Her fifth amended complaint does not address the prison conditions or her medical treatment at FCI Dublin. That is, Fleming's present motion essentially is alleging that she is not receiving adequate medical treatment at FCI Dublin and that the conditions at FCI Dublin violate the Eighth Amendment.[1] These allegations and this requested relief are unrelated to Fleming's claims arising from her confinement at FCI Tallahassee. Because the allegations and relief requested in Fleming's present motion are unrelated to the claims in Fleming's fifth amended complaint, the District Court should deny Fleming's motion.

**B.    Fleming Requests Relief That the District Court Cannot Grant**

The District court should deny Fleming's motion for a second, independent reason: the District Court generally lacks the authority to grant some of the relief that Fleming requests.

The Attorney General and the BOP have plenary control over federal inmates' placement. *United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021) (then citing *Tapia v. United States*, 564 U.S. 319, 331 (2011)); *United States v. Texeira-Nieves*, 23 F.4th 48, 58 (1st Cir. 2022) (same); *see* 18 U.S.C. § 3621(b) (noting that

---

[1] It is worth noting that Fleming already has initiated an action in the United States District Court for the Northern District California to address the alleged lack of medical treatment at FCI Dublin. *Fleming v. United States*, 4:22-cv-5082-JST, First Amended Complaint, Doc. 11 at 15–17 (N.D. Cal. Sept. 26, 2022)

the BOP "shall designate the place of [a] prisoner's imprisonment"). Thus, federal courts generally lack the authority to transfer a prisoner once the prisoner has been convicted of a crime and entrusted to the Attorney General for incarceration. *Washington v. Warden Canaan USP*, 858 F. App'x 35, 36–37 (3d Cir. 2021); *Saunders*, 986 F.3d at 1078; *United States v. Pinson*, 594 F. App'x 517, 519 (10th Cir. 2014) (concluding that "the district court [did not have] the authority to order the BOP to transfer [the prisoner-plaintiff] to a hospital for mental health treatment").

The District Court previously determined that it could not order the BOP to transfer Fleming to another facility or to home confinement. Doc. 91, *reported and recommendation adopted*, Doc. 102. Despite that order, Fleming again requests that she be transferred to another place of confinement, including home confinement. Doc. 162 at 2. Because Plaintiff requests relief that the District Court clearly cannot grant, the District Court should deny Fleming's motion for this second reason. *Washington*, 858 F. App'x at 36–37; *Saunders*, 986 F.3d at 1078; *Pinson*, 594 F. App'x at 519.

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court **DENY** Fleming's motion for a preliminary injunction. Doc. 162.

At Pensacola, Florida, this <u>27th</u> day of December, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address all preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**